Oscar Diem et al., Appellants, *v.* Donald Adams, an Infant, By Harry A. Adams, His Guardian ad Litem, Respondent.

First Department, June 4, 1943.

*David L. Delman* of counsel (*Silas W. Sollfrey,* attorney), for appellants.

*Robert H. Nix* of counsel (*Charles F. Bachmann* with him on the brief; *John P. Smith,* attorney), for respondent.

CALLAHAN, J. Shortly after midnight on June 1, 1937, plaintiff, Oscar Diem (a physician), was operating an automobile across the Triborough Bridge in the city of New York, when his car collided with one owned by the defendant, Donald Adams. Both the doctor and his wife (plaintiff, Gertrude Diem) were injured. Both received verdicts in substantial amounts at the hands of a jury. Both verdicts were set aside by the trial court and judgment directed for the defendant. Plaintiffs appeal from the judgment entered upon such direction.

The verdict in favor of the doctor included damages for his own personal injuries, as well as those for loss of services of his wife.

At the point where the collision occurred the roadway of the Triborough Bridge was laid out in four lanes for cars traveling in either direction, being divided by a barrier separating northbound from southbound traffic. Both cars involved in the accident were traveling in a northerly direction. Shortly prior to the collision the cars had rounded a slight curve and came to a straightaway which was more than a mile long. The grade of the bridge was slightly downward in the direction that the cars were traveling up to the turn mentioned above, and thereafter was practically level. Shortly after the turn was made the doctor noticed the defendant's car ahead of him traveling in the second lane from the right which was the same lane in which his own car was traveling. There was very little traffic on the bridge at the time.

When the doctor first noticed the defendant's car it was about seventy to seventy-five feet away. The lights on the

bridge made visibility good. The doctor's car was traveling at about thirty to forty miles an hour.

The doctor at first testified that he saw the defendant's car stop suddenly. However, he later corrected this to say that the defendant's car was either moving very slowly or had come to a stop at the time of the accident. His attention was first attracted to the car ahead of him when he saw that it was four or five lengths away, and the distance between the two cars was rapidly diminishing. There were no other cars on either side.

The doctor testified that he immediately applied the brakes and that, while he was able to slacken the speed of his car, he was unable to slow it to less than about ten or fifteen miles an hour when he ran into the rear of defendant's automobile. He made no effort to turn to either side although there was ample room to do so.

At the time of the accident the doctor was suffering from an infirmity which prevented him from using his right leg in applying the footbrake of his car. His right knee was stiff, so that he used his right leg only to accelerate the speed of the car. In stopping the car he was required to take his left foot from the clutch and put it over on the footbrake in order to slow the car down, and then he would apply the emergency brake which had a special extension attached to it so that he could handle it readily. As the last step in the operation, the doctor would return his left foot to the clutch and disengage it. It appears, therefore, that because of his disability the doctor was required "to brake his car against the engine." In other words, the efficiency of the brake was reduced by the force of the motor which was propelling the car forward during the early part of the braking operation.

Despite this difficulty in braking, the doctor testified that he could stop his car within four to six lengths at the speed at which he was traveling.

The evidence submitted on behalf of the defendant disclosed without contradiction that at the time of the collision the defendant's car was without gasoline. The motor had stopped because of lack of fuel while the car was on the downgrade of the bridge. Defendant, Donald Adams, was a young man about eighteen years of age. He was accompanied by a friend.

There were disputes as to whether Donald Adams or his friend was in the driver's seat of defendant's car, and as to whether the car was being pushed or was coasting just prior to the collision; also as to whether the defendant's car was in the extreme right lane or the second lane.

We must assume that all of these issues were determined by the jury in favor of the plaintiffs, but, despite this, we fail to see how a verdict in favor of Doctor Diem could properly be permitted to stand. To say that he was free from any negligent act which contributed to an accident occurring in the manner above related was so contrary to the evidence that we are required to uphold the determination of the trial court in setting such a verdict aside, and directing a contrary verdict (Civ. Prac. Act, § 457-a).

In view of the fact that his own negligence contributed to the accident, plaintiff, Oscar Diem, may not recover for damages for his own personal injuries or those based on the loss of services of his wife. (*McKay* v. *Syracuse R. T. Ry. Co.*, 208 N. Y. 359, 363; *Maxson* v. *Tomek*, 244 App. Div. 604.)

However, a different rule of law would apply with respect to the verdict in favor of Mrs. Diem. She was asleep at the time of the accident, and was not guilty of any contributory negligence as a matter of law. There was some evidence in the case to the effect that the defendant had failed to comply with an ordinance which required the giving of a signal before stopping. The jury had the right to find from the evidence that this ordinance was applicable and its violation some evidence of negligence on the part of defendant, Donald Adams. The case is not one where Doctor Diem's negligence must necessarily be found to be the sole, proximate cause of the accident. If both her husband and the defendant were negligent, Mrs. Diem might nevertheless recover from defendant. The verdict in her favor should be reinstated.

The judgment, insofar as it is in favor of defendant on the first and second causes of action of plaintiff, Oscar Diem, should be affirmed, with costs; and insofar as it is in favor of defendant on the cause of action of plaintiff, Gertrude Diem, should be reversed, with costs, and the verdict on said cause of action reinstated.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment, insofar, as it is in favor of defendant on the first and second causes of action of plaintiff, Oscar Diem, unanimously affirmed, with costs to the respondent. Judgment, insofar as it is in favor of defendant on the cause of action of plaintiff, Gertrude Diem, unanimously reversed, with costs to said plaintiff, and the verdict on said cause of action reinstated.