(March 22, 1960)

Benjamin Bloom, Appellant-Respondent, v. Gimbel Brothers, Inc. et al., Respondents. Gimbel Brothers, Inc., Third-Party Plaintiff-Respondent-Appellant, v. Robert Saltzman, Doing Business as Serve Rite Co., Third-Party Defendant-Respondent.— Judgment unanimously reversed on the law and on the facts and in the exercise of discretion, the third-party action is reinstated, and a new trial ordered, with costs to abide the event. While we are of the opinion that there was substantial compliance with the requirements of the code, that fact alone is not determinative nor necessarily exclusive on the issue of liability because of the nature of the preparation. Whether there was a breach of warranty in light of the express purpose and knowledge of the use to which the preparation would be put is another question to be passed upon on a new trial. Concur — M. M. Frank, J. P., Valente, McNally, Stevens and Bergan, JJ.

Peter Miller, an Infant by His Guardian ad Litem, Max Miller, et al., Respondents, v. Harry Rankin, Appellant.— Order unanimously reversed on the law and the facts, with $20 costs and disbursements to the appellant, and the motion for summary judgment is denied, with $10 costs. Primarily, the denial of the motion as to the fourth and sixth causes of action — from which there is no appeal — in which plaintiff Max Miller sued respectively for damages for personal injuries and property damage to his automobile, is legally inconsistent with the granting of the motion as to the fifth cause which is predicated upon Max Miller's loss of services and medical expenses of his wife and children. Since Special Term found there was a triable issue as to whether Max Miller was negligent in being in the roadway, a resolution of that issue against Max Miller at a trial would bar his recovery for damages based on loss of services of his wife (Diem v. Adams, 266 App. Div. 307, 310; Kokesh v. Price, 136 Minn. 304) and preclude his recovery for the loss of services and medical expenses of his children (Bailey v. Rogt, 178 Misc. 870, 871; Shadwick v. Hills, 79 Ohio App. 143; Doyen v. Lamb, 75 S. D. 77). Where the negligence of a husband and parent contributes to the accident, he may not recover for damages based upon loss of services or medical expenses. As to the first, second and third causes of action by Mrs. Miller and her two sons, who were seated in Miller's car when the accident occurred, the papers do not demonstrate such a clear case of defendant's negligence that a court would be warranted in directing a verdict for said plaintiffs. Defendant's contention is that the accident was unavoidable and that he was free of negligence. If he can successfully establish this, then none of the plaintiffs can recover against him. Here there are triable issues which may be resolved only after a trial — which, in any event, is necessary for the fourth, fifth and sixth causes of action. Concur — M. M. Frank, J. P., Valente, McNally, Stevens and Bergan, JJ.