■  ESTHER MARTON et al., Respondents, v. MERRITT J. McCASLAND, Appellant.— Order, entered March 3, 1961, insofar as it sets aside the verdict

of the jury in favor of the defendant and grants a new trial upon the cause of action of the plaintiff Esther Marton to recover for her alleged personal injuries and upon the derivative cause of action by her husband, plaintiff Theodore Marton, to recover damages for her alleged injuries, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the verdicts reinstated, and judgment directed thereon in favor of the defendant, with $20 costs and disbursements in favor of the defendant against the plaintiffs. It is settled that a jury verdict in favor of defendant may not be set aside unless it plainly appears that the evidence so preponderates in favor of the plaintiff that the verdict for the defendant could not have been reached on any fair interpretation of the evidence. (*Areson* v. *Hempstead Bus Corp.*, 14 A D 2d 790; *Musumeci* v. *Pillsbury Mills*, 12 A D 2d 941, 942; *Holpp* v. *Carafa*, 8 A D 2d 617; *Scheuerman* v. *Knapp Coal Co.*, 238 App. Div. 874, 875; *Meyers* v. *Hines*, 199 App. Div. 594, 595.) Here, the credibility of the testimony of the defendant driver was for the jury, and his testimony as to the manner and the circumstances of the happening of the accident, fairly interpreted, amply supports the finding that he was free from negligence. Thus, the verdict for the defendant was conclusive and the trial court was in error in setting it aside upon the ground that in the court's opinion the defendant was "guilty to a degree of negligence", thereupon reaching the conclusion that the verdict was contrary to the weight of the evidence. Also, it should be noted that the finding of contributory negligence on the part of the plaintiff driver, implicit in the verdict of the jury and supported by the evidence, would in any event defeat his right of recovery upon his alleged derivative cause of action for loss of services and medical expenses of his wife. (See 15 N. Y. Jur., Domestic Relations, § 309, p. 519; *Miller* v. *Rankin*, 10 A D 2d 695; *Diem* v. *Adams*, 266 App. Div. 307, 310.) Settle order on notice. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.