CALDWELL, Justice.
Relator, Florida Power and Light Company, by an original proceeding here seeks a peremptory writ of mandamus directing that the respondent, Ray E. Green, as Comptroller of the State of Florida, refund certain taxes assessed against and paid by relator.
Relator is a Florida corporation and maintains its facilities and properties in Florida. It possesses all the corporate powers granted to a corporation under Chapter 608, Florida Statutes, F.S.A., and, through its by-laws, has provided for the appointment of a transfer agent in the City of New York.
It it alleged the relator is subject to the regulatory powers of the New York Stock Exchange, whereon its stock is listed, including the requirement that it maintain offices and agents in New York, New York, for the transfer and registry of its common stock. It is further alleged that, pursuant to such regulations, listings become effective upon the Exchange’s receipt of notice from the transfer agent that the securities have-been issued. The by-laws of the relator and' the Florida Statutes authorize its Board of Directors to hold its meetings within or without the State of Florida.
The Board of Directors of relator-company, at a special meeting held May 31,. 1960, in the City of New York, authorized the issuance of 400,000 additional shares of common stock, including the 1,000 shares, of stock issued and delivered in New York, here in question. All proceedings touching the creation, execution, signing, issuance, and registration of the said 1,000 shares took place without the State of Florida and within the State of New York. The certificates so issued in New York were neither made, assigned, executed, issued, sold, removed, consigned, or shipped in the State of Florida.
The New York transfer agent delivered and the relator was paid in full for the shares in New York, where the owners thereof were listed upon the Company’s, stock records. The purchase agreement, covering the aforesaid stock, provided for a New York closing of the transaction and provided “the validity and interpretation of this agreement shall be governed by the law of the State of New York.” Copies of stock lists taken from the stock book and records maintained by the agent in New York were mailed to relator for retention in Florida.
The Comptroller contends that by reason of Section 201.01, Florida Statutes, F.S.A.,[1] there was payable on the transaction a tax, prescribed by Section 201.05, Florida Stat *148 utes, F.S.A.[2] He argues that, inasmuch as Florida Statutes § 608.39(1), F.S.A.[3] requires the corporation to keep at its office in Florida a copy of the stock list prepared from the stock book maintained in New York, the transaction is not concluded until the Florida list reflects the transaction.
The sole question is whether the Florida tax may be imposed upon the transfer of the shares of stock here involved. That question must, under the facts, be answered in the negative. We do not agree that the statutory requirement that copies of the stock lists be maintained in the office of relator in Florida has material bearing upon the issuance of the stock certificates in question, nor that the maintenance thereof in Florida constitutes a necessary step in the valid issuance of the certificates. We have examined the authorities cited by the respondent and are not impressed with their application to the facts of this cause. There is no definite link or connection between the State of Florida and the transfer of the stock certificates it seeks to tax.
Peremptory writ is therefore granted and respondent is directed to draw his warrant for return' of the amount paid for the documentary tax.
DREW, C. J., and THOMAS, THOR-NAL and O’CONNELL, JJ., concur.

. “There shall be levied, collected and paid the taxes specified in this chapter, for and in respect to the several documents, bonds, debentures or certificates of stock and indebtedness, and other documents, instruments, matters, writings, and things described in the following sections, or for or in respect of the vellum, parchment, or paper upon which such document, instrument, matter, writing, or thing, or any of them, are written or printed by any person, who makes, signs, executes, issues, sells, removes, consigns, assigns, or ships the same, or for whose benefit or use the same are made, signed, executed, issued, sold, removed, consigned, assigned, or shipped in the state.

. “On each orginal issue, whether organization or reorganization, of certificates of stock or shares however designated issued in the state, or certificates of profits, or of interest in property or accumulations, by any corporation or by any joint stock company or other association as set forth in § 201.04, on each one hundred dollars of face value, or fraction thereof, the tax shall be fifteen cents; provided, that where a certificate is issued without face value, the tax shall be fifteen cents on each one hundred dollars of actual value or fraction thereof. The stamps representing the tax imposed by this section shall be attached to the stock books, and not to the certificates issued.”

. “Every corporation shall keep at its office in this state, or in the office of its transfer agent wherever located, a book (or books where more than one kind, class or series of stock is outstanding) to be known as the stock book * * * and where the stock book is kept in the office of the transfer agent, the corporation shall keep at its office in this state copies of the stock lists * *