214 So.2d 787 (1968)
Gladys DIXON and Wilmon A. Dixon, Sr., Appellants,
v.
Carol B. WRIGHT and Philip A. Wright, Appellees.
No. 1360.
District Court of Appeal of Florida. Fourth District.
October 7, 1968.
Rehearing Denied November 6, 1968.
Rick G. Ciravolo, of Law Offices of Thomas D. O'Malley, Miami, for appellants.
Robert M. Montgomery, Jr., of Howell, Kirby, Montgomery, Sands & D'Auito, West Palm Beach, for appellees.
WALDEN, Chief Judge.
Gladys Dixon and her husband, Wilmon Dixon, appeal from a final judgment rendered in their suit against defendants, Carol and Philip Wright.
Defendants were northbound on the Sunshine State Parkway when their car went out of control. It spun across the median strip and came to rest partially in the southbound lane.
Plaintiffs' car, driven by plaintiff Wilmon Dixon, and occupied by plaintiff Gladys Dixon, was southbound. When Dixon saw defendants' car crossing the median, he took evasive action to avoid a collision. As a result, plaintiffs' car struck *788 a guard rail and both Mr. and Mrs. Dixon were injured.
The suit was tried on the joint issues of defendants' negligence and the contributory negligence of the plaintiff-husband. The jury rendered a verdict in the amount of $2,000.00 for the plaintiff-wife, but found in favor of the defendants against the plaintiff-husband. Plaintiffs appeal and we affirm.
Although plaintiffs contend to the contrary, we are satisfied that the issue of the plaintiff-husband's contributory negligence was properly submitted to the jury in view of the conflicting evidence on that point.
However, plaintiffs argue that the jury verdict was improper in failing to award the plaintiff-husband any compensation on behalf of his wife for present and future medical expenses. In their view, he was entitled to such an award upon proof of his responsibility for such expenses despite the finding of contributory negligence on his part which is inherent in the jury's verdicts.
A personal injury to a married woman caused by the tort of a third person gives rise to two distinct causes of action. One cause of action is for her pain and suffering and the other, accruing to her husband, is for his consequential loss of her society and services and for her medical expenses. See 17 Fla.Jur., Husband and Wife, § 68.
In this case, the only claim for recovery of medical expenses attributable to Mrs. Dixon's injuries was in Mr. Dixon's complaint. This was properly so since the only circumstances under which Mrs. Dixon might have recovered her medical expenses in her own right would be if she had in fact paid those expenses, or had obligated her separate estate to pay them. In the absence of such special circumstances, a husband is legally responsible for his wife's medical expenses and it is he and not his wife who is entitled to be compensated for them. Correll v. Elkins, Fla.App. 1967, 195 So.2d 27. See also Hatchell v. Hayes, Fla. App. 1963, 157 So.2d 855, quashed at Fla., 166 So.2d 146.
In Florida the rule is that contributory negligence of the husband will bar that portion of his claim based upon his wife's medical expenses and loss of consortium. It was noted in Seaboard Airline Railway Co. v. Watson, 1927, 94 Fla. 571, 113 So. 716, that,
"* * * [W]here the action was by the husband in his individual capacity, to recover for injuries to his wife, negligence on his part which contributed to the injury affords good ground for proper plea. * * *"
See also, Astor Electric Service v. Cabrera, Fla. 1952, 62 So.2d 759.
Other jurisdictions have reached a like conclusion. Marton v. McCasland, 1962, 16 A.D.2d 781, 228 N.Y.S.2d 756, at page 757, contains the following language,
"* * * Also, it should be noted that the finding of contributory negligence on the part of the plaintiff driver, implicit in the verdict of the jury and supported by the evidence, would in any event defeat his right of recovery upon his alleged derivative cause of action for loss of services and medical expenses of his wife. (See 15 N.Y.Jur., Domestic Relations, § 309, p. 519; Miller v. Rankin, 10 A.D.2d 695, 198 N.Y.S.2d 1; Diem v. Adams, 266 App.Div. 307, 310, 42 N.Y.S.2d 55, 57.)"
See also, Neal v. Linnell, 1960, 156 Me. 1, 157 A.2d 231; Blazek v. Haizlip, Tex.Civ. App. 1967, 413 S.W.2d 486; Romero v. General Acc. Fire and Life Assur. Corp., La. App. 1967, 199 So.2d 607.
We do not propose that this rule is necessarily the best rule. It has been eloquently argued by the New Jersey Supreme Court in Patusco v. Prince Macaroni, Inc., 1967, 50 N.J. 365, 235 A.2d 465, that the injured wife should recover for her medical expenses regardless of whether she or her husband actually made the payments.
*789 If the wife were permitted to sue for her medical expenses, her husband's contributory negligence would not bar her claim.
Reasonably, it should not matter to the tort feasor whether the wife or some third person made the expenditures his negligence made necessary. And, from the wife's point of view, her financial resources are depleted whether she or her husband pays her medical bills.
But the Patusco case presents only a solitary view of the prevailing law. Attractive as it may appear, we are not in a position to overrule the great body of precedent which holds that a husband may not recover on his claims based upon his wife's medical expenses to which his own negligence has contributed. We, therefore, affirm the judgment of the trial court.
Affirmed.
REED, J., and SILVERTOOTH, LYNN N., Associate Judge, concur.