**Elizabeth GRACE and John Grace, Plaintiffs-Appellants-Cross Appellees,**

v.

**Allen James SONDHEIMER and Avis Rent-A-Car System, Inc., Defendants-Appellees-Cross Appellants.**

No. 71-2722.

United States Court of Appeals, Fifth Circuit.

April 26, 1972.

Herbert L. Heiken, Miami, Fla., Simons & Schlesinger, Hollywood, Fla., for appellants.

7. See Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L.Ed.2d 228.

Richard M. Gale, Robert L. Dube, Knight, Underwood, Peters, Hoeveler & Pickle, Miami, Fla., for appellees.

Before PHILLIPS,* THORNBERRY and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

This action arose out of an automobile accident involving plaintiff Elizabeth Grace, operator of a car owned by her husband plaintiff John Grace, and defendant Sondheimer, operator of a car owned by defendant Avis Rent-A-Car System, Incorporated (Avis). The jury, finding the defendants negligent, assessed Mrs. Grace's damages at $5,000 but failed to award anything to Mr. Grace for medical expenses or loss of consortium. Both parties appeal.

■ Plaintiffs first complain that the verdict in favor of Mrs. Grace was grossly inadequate. Mrs. Grace was a school teacher, earning $12,000 annually at the time of the accident, and there was evidence that she was forced to retire because of her injuries, which constituted a 30% disability. Testimony of numerous treating physicians indicated that Mrs. Grace suffered from a concussion, disc disease in her cervical and lumbosacral area, cervical spasms, posttraumatic depression, blurred vision, headaches, and pain in her hip and thigh. Defendants elicited proof, however, that Mrs. Grace did not choose to see a doctor until three weeks after the accident. All objective signs have since proven normal, and a court-appointed physician opined that Mrs. Grace was a malingerer and suffered from no more than a 5% disability. A film taken by a private investigator showed Mrs. Grace carrying on normal activities at a time when she claimed substantial loss of capacity. We find the evidence as presented to be more than sufficient to support the jury verdict.

■ Plaintiffs next urge that the jury award to Mr. Grace, or rather the lack thereof, was grossly inadequate in light of uncontradicted evidence of medical bills incurred by Mrs. Grace for which her husband was legally responsible.[1] The rule in Florida is clear in this regard. It has been consistently held that,

A verdict upon a wife's claim necessarily requires a finding of liability to the husband where the evidence is clear that the husband has suffered damages.

Thieneman v. Cameron, 126 So.2d 170 (Fla.App.1961). *See also* Noll v. Byorick, 108 So.2d 67 (Fla.App.1959). In Dixon v. Wright, 214 So.2d 787 (Fla.App.1968), the rule, as it relates to facts similar to those of the instant case, was stated as follows:

In this case, the only claim for recovery of medical expenses attributable to [the wife's] injuries was in [the husband's] complaint. This was properly so since the only circumstances under which [the wife] might have recovered her medical expenses in her own right would be if she had in fact paid those expenses, or had obligated her separate estate to pay them. In the absence of such special circumstances, a husband is legally responsible for his wife's medical expenses and it is he and not his wife who is entitled to be compensated for them.

214 So.2d at 788. *See also* Loftin v. Anderson, 66 So.2d 470 (Fla.1953) (on petition for rehearing); Correll v. Elkins, 195 So.2d 27 (Fla.App.1967); Hatchell v. Hayes, 157 So.2d 855 (Fla. App.1963). There is present in the instant case uncontradicted evidence of medical expenses incurred by Mrs. Grace in connection with the accident in question. There is no evidence that Mrs. Grace actually paid these expenses or has obligated her separate estate to pay them. Under such circumstances, it is

---

* Of the Tenth Circuit, sitting by designation.

1. Plaintiffs likewise complain of allegedly prejudicial matter injected by defendants' attorney during his closing argument.

Plaintiffs failed to object to the statements at the time, and we are certain that, assuming they are prejudicial at all, they are not of a sufficient prejudicial nature to require reversal in the absence of objection.

clear that Florida law requires a remand on the issue of Mr. Grace's damages in light of his wife's recovery.

Plaintiffs contend that the aforementioned principles require a reversal as to *both* plaintiffs on the issue of damages. Florida courts in cases in which it was impossible to determine whether medical expenses were erroneously included in the wife's award, have required a retrial of the issue of both the husband and wife's damages. *E. g.*, Noll v. Byorick, *supra*. This principle is only applied, however, in order to protect the defendant from double liability for the medical expenses when it cannot be determined whether they have already been awarded to the wife. Appellees here, defendants below, have made it quite clear that they are content with the jury verdict as to Mrs. Grace and do not wish a retrial on her damages even upon reversal of the issue of Mr. Grace's damages. Assuming, therefore, that some confusion exists over whether Mrs. Grace's award included the medical expenses, defendants have chosen to accept the possibility of double liability. Plaintiffs have no cause to complain of this choice; and we, therefore, reverse and remand for a new trial on the issue of Mr. Grace's damages alone.

Defendants in their cross-appeal contend that in the event of retrial, the trial court should be directed to allow the introduction of testimony by Mrs. Grace's Christian Science practitioner, who consulted with plaintiff shortly after the accident. Fla.Stat. § 90.241, F.S.A. provides, *inter alia*, that no practitioner of Christian Science shall be required to testify as to confidential communications made to him in his professional capacity.[2] Defendants argue, however, that Mrs. Grace waived the statutory privilege by putting her physical and mental condition in issue at the trial and by her attorney's failure to object to disclosures made by the Christian Science practitioner during the taking of a pre-trial deposition. The statute specifically sets out the only permissible method of waiving the privilege.

> Such prohibition shall not apply to cases where the communicating party, or parties, waives the right so conferred by personal appearance in open court so declaring, or by an affidavit properly sworn to by such a one, or ones, before some person authorized to administer oaths, and filed with the court wherein litigation is pending.

Fla.Stat. § 90.241(2). This required procedure was not followed in the instant case. Defendants have cited no cases, and we know of none, requiring that we depart from the clear language of the statute. We, therefore, affirm the judgment of the district court in this regard.

*Affirmed in part, reversed in part and remanded for a new trial of the issue of plaintiff John Grace's damages.*

Costs are taxed to appellees.

2. The statute provides as follows:

No minister of the gospel, no priest of the Catholic church, no rector of the Episcopal church, no ordained rabbi, no practitioner of Christian Science, and no regular minister of religion of any religious organization or denomination usually referred to as a church, over the age of twenty-one years, shall be allowed or required in giving testimony as a witness in any litigation, to disclose any information *communicated to him in a confidential*

manner, properly entrusted to him in his professional capacity, and necessary to enable him to discharge the functions of his office according to the usual course of his practice or discipline wherein such person so communicating such information about himself or another is seeking spiritual counsel and advice relative to and growing out of the information so imparted.

Fla.Stat. § 90.241(1), F.S.A.