■ MARTIN ALPERT, Appellant, v. STEVEN FINKELSTEIN, Respondent.— Judgment, Supreme Court, New York County, entered February 17, 1972, in favor of defendant after a jury trial, reversed, on the law, and vacated and a new trial directed, with $60 costs and disbursements to abide the event. The plaintiff was playing basketball in a local gym which was open to the public. There were several courts, each with its own basket. On the side of the gym, there was a receptacle used to hold basketballs not in use. The defendant, who had completed his game at another court, threw his basketball at eye level through the court where plaintiff was playing and struck plaintiff in the head, breaking plaintiff's glasses and causing injury. There was no proof submitted that it was the practice in this gym to throw balls across basketball courts still in use, though there was some testimony that a ball from one court would occasionally roll onto another. Based on the record before the court, it was error to charge the jury on the theory of assumption of the risk. This is not a case where the plaintiff was aware of dangerous activities taking place on the gym floor (cf. *Speigel* v. *Jewish Community Center*, 24 A D 2d

926). In addition thereto, the record did not support the charge on contributory negligence as given. There was no proof submitted as to relative safety of different types of glasses. To the contrary, plaintiff submitted proof that the type of shatterproof glasses he wore were specifically prescribed by his doctor for use in sport activities. Concur — Kupferman, Murphy and Lane, JJ.; Stevens, P. J., and Nunez, J., dissent in the following memorandum: We would affirm. The trial court properly submitted the questions of assumption of risk and contributory negligence to the jury. The plaintiff had frequented the gymnasium on prior occasions and was familiar with the layout of the basketball court which was designed for contemporaneous play, and for several baskets to accommodate free play. There were not several courts, each with its own basket, as stated by the majority. All the baskets were in the same court or gym. Plaintiff was also aware that a ball from one playing area would be thrown to or would roll onto another area. Immediately before the accident several games were being played simultaneously. On this record the court below was justified in submitting to the jury the question of plaintiff's contributory negligence and whether he assumed the risks inherent in his participation in the activities on the gym floor where he was injured. (See *Speigel* v. *Jewish Community Center*, 24 A D 2d 926 and cases therein cited.) The verdict in defendant's favor could have been reached on a fair interpretation of the evidence and should not be disturbed. (See *Marton* v. *McCasland*, 16 A D 2d 781, 782.)