293 So.2d 778 (1974)
Luke RADER, M.D., and the Employers Fire Insurance Company, Appellants,
v.
VARIETY CHILDREN'S HOSPITAL, and the Continental Insurance Company, Appellees.
No. 73-743.
District Court of Appeal of Florida, Third District.
April 2, 1974.
Rehearing Denied May 20, 1974.
*779 Blackwell, Walker, Gray & Powers, Miami, and Mark Hicks, Coral Gables, for appellants.
Corlett, Merritt & Killian and Robyn Greene, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and CARROLL, JJ.
PEARSON, Judge.
The appellant physician and his insurance company appeal a final judgment granting the motion of the defendant hospital and its insurance company to dismiss appellants' amended complaint with prejudice. The physician and the hospital had previously been defendants in a medical malpractice action brought by one Josefina Osle.[1] The physician and the hospital were found jointly and severally liable for Josefina Osle's damages in the malpractice action. Thereafter, the physician and his insurance company filed a complaint in the circuit court seeking contribution from the hospital and its insurance company. The complaint alleged that subsequent to the entry of the judgment against the physician and the hospital, the plaintiff, Employers Fire Insurance Company, offered to contribute to satisfy the judgment obtained by the plaintiff in the malpractice action. The complaint sought contribution from the hospital and its insurer to satisfy the judgment. The defendants moved to dismiss the action upon the ground that contribution between joint tort-feasors could not be ordered under the laws of this State. The motion was granted as to the initial complaint with leave to amend, and as to the subsequently filed amended complaint with prejudice. This appeal followed.
On this appeal, the appellants urge that this court should reverse upon a holding that the comparative negligence doctrine as adopted by the Supreme Court of Florida in Hoffman v. Jones, Fla. 1973, 280 So.2d 431, requires that a rule allowing contribution between negligent defendants should be adopted.
We respectfully decline to embark upon such a perilous journey for two reasons. First, we find that no adequate reason is brought forward for the abrogation of this rule of long standing. See H.E. Wolfe Const. Co. v. Ellison, 127 Fla. 808, 174 So. 594 (1937); Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932); Aircraft Taxi Co. v. Perkins, Fla.App. 1969, 227 So.2d 722; Westinghouse Electric Corporation v. J.C. Penney Company, Fla.App. 1964, 166 So.2d 211; Winn-Dixie Stores, Inc. v. Fellows, Fla.App. 1963, 153 So.2d 45. Second, the recent holding of the Supreme Court of Florida in Hoffman v. Jones, supra, referred to the rule that there is no *780 contribution between joint tort-feasors and declined to abrogate the rule. See Hoffman v. Jones, supra, 280 So.2d at 439; Issen v. Lincenberg, Fla.App. 1974, 293 So.2d 777 (3rd D.C.A. filed March 26, 1974).
Accordingly, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] See Variety Children's Hospital v. Osle, Fla.App.3rd, 292 So.2d 382, 1974.