296 So.2d 526 (1974)
Gloria P. ACEVEDO and Travelers Indemnity Insurance Company, a Florida Corporation, Appellants,
v.
Justo L. ACOSTA, Individually and As Father and Next Friend of Luis Acosta, a Minor, and Blanca A. Acosta, Appellees.
No. 73-1231.
District Court of Appeal of Florida, Third District.
June 18, 1974.
*527 Adams, George, Wood, Schulte & Thompson and James G. Etheredge, Miami, for appellants.
Horton & Perse and Arnold R. Ginsberg, Rabin, Sassoon & Ratiner, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PEARSON, Judge.
The substantial question presented by this appeal is whether the damages as shown by a jury verdict to a child-passenger and the derivative damages and expenses of the father of the minor child and of the husband of the wife-driver are to be reduced under the doctrine of comparative negligence to the percentage of fault found by the jury to be attributable to the wife-driver of the car. The trial court held that there was no reduction of damages upon the amount found for the child-passenger and for the derivative damages of the father. We affirm the full recovery of the personal damages of the child-passenger and affirm the full recovery of the father of his expenses expended for the child-passenger but reverse as to the derivative damages and expenses of the father for the wife's injury. The appellants were the defendants in the trial court.
The factual background may be outlined as follows. The plaintiff-driver, Mrs. Blanca Acosta, the wife of Justo L. Acosta, was taking her son, Luis, to school at approximately 7:18 a.m. She was proceeding west on S.W. 3rd Street at approximately its intersection with S.W. 23rd Avenue in the City of Miami. The defendant-driver was proceeding southbound on S.W. 23rd Avenue at its intersection with S.W. 3rd Street. She proceeded through the intersection which was controlled by a stop sign regulating traffic on S.W. 23rd Avenue. The defendant admitted that she did not stop at the stop sign, but proceeded into and through the intersection. A collision occurred in the intersection. The defendant had almost completely traversed the intersection before the collision occurred.
The driver of the car having the right of way, Blanca Acosta, and the passenger, Luis Acosta, brought this action for injuries sustained. The father and sole owner of the vehicle brought his action for property damages to the vehicle as well as for medical expenses incurred on behalf of his wife and his son.
The cause came on to be tried and the jury returned the following verdict:
VERDICT SPECIAL INTERROGATORIES
"(1) What is the total amount of damages, if any, that you find the Plaintiffs have sustained as a legal result of this accident; as to the Plaintiff, BLANCA ACOSTA, $4000.00; as to the Plaintiff, LUIS ACOSTA, a minor, $500.00; as to the Plaintiff, JUSTO ACOSTA, on his claim for the damages he sustained as a result of the damages and injuries of his son, LUIS ACOSTA, a minor, $1360.50; as to the Plaintiff, JUSTO ACOSTA, as a result of the injuries sustained by his wife, BLANCA ACOSTA, $1861.50.[1]
"(2) If you find that both Plaintiff and Defendant were guilty of negligence *528 which was a legal cause of the accident, what percentage of negligence do you find was the cause of the accident?
Plaintiff 25% Defendant 75% 
 "So say we, all.
 Reginald H. Malone 
 Foreman"
The court, upon motion by the plaintiffs for entry of a final judgment, determined that recovery would be reduced by 25% only as to the amount of damages sustained by the plaintiff, Blanca Acosta, and refused to reduce the amount of the recovery by the husband, Justo Acosta, and the son, Luis Acosta. The court entered its judgment in the sum of $3,000 in favor of Blanca Acosta, $500 in favor of Luis Acosta, and $3,222 in favor of Justo Acosta.
The trial court correctly directed the jury to apportion the fault that it found in relation to the negligence of the plaintiff-driver and the defendant-driver. This is consistent with the requisites outlined by the Supreme Court in Hoffman v. Jones, Fla. 1973, 280 So.2d 431. The court said:
* * * * * *
"If plaintiff and defendant are both at fault, the former may recover, but the amount of his recovery may be only such proportion of the entire damages plaintiff sustained as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant. For example, where it is found that the plaintiff's negligence is at least equal to that of the defendant, the amount awarded to the plaintiff should be reduced by one-half from what it otherwise would have been." 280 So.2d 438
* * * * * *
"We are fully confident that the trial court judges of this State can adequately handle any problems created by our change to a comparative negligence rule as these problems arise. The answers to many of the problems will be obvious in light of the purposes for which we adopt the rule stated above:
(1) To allow a jury to apportion fault as it sees fit between negligent parties whose negligence was part of the legal and proximate cause of any loss or injury; and
(2) To apportion the total damages resulting from the loss or injury according to the proportionate fault of each party."
* * * * * *
"We recognize the thousands of pending negligence cases affected by this decision. In fact, the prospect of a general upheaval in pending tort litigation has always been a deterring influence in considering the adoption of a comparative negligence rule. See Annotation, The Doctrine of Comparative Negligence, 32 ALR 3d 463, p. 487." 280 So.2d 439
* * * * * *
We turn first to the sum awarded Blanca Acosta who was the plaintiff-driver. Inasmuch as the jury found she was 25% at fault in the accident, it is clear that the trial judge correctly reduced the amount of damages which the jury found she had merited as a result of the accident.
Turning next to the award to Luis Acosta, the minor who was the passenger in the car, we hold that the court correctly determined that the passenger's award would not be reduced by the fault of the driver. Appellants urge that to refuse to reduce the passenger's damages by the driver's negligence amounts to an injustice. They argue that inasmuch as the jury affirmatively expressed its intent that the defendant be required to pay only 75% of the damages resulting from the accident that it is improper to apply pre-comparative negligence law so that the defendant must pay 100% of the passenger's damages. *529 We think that this argument lacks force in view of the fact that there is no contribution between tort-feasors in the State of Florida. Issen v. Lincenberg, Fla.App. 1974, 3rd D.C.A., 293 So.2d 777, filed March 26, 1974; Rader v. Variety Children's Hospital, Fla.App. 1974, 3rd D.C.A., 293 So.2d 778, filed April 2, 1974.
The law in Florida as to the imputation of negligence is well-settled that absent evidence of a joint enterprise or some element of an agency relationship, the negligence of the driver of an automobile is not imputable to a passenger therein. See Bessett v. Hackett, Fla. 1953, 66 So.2d 694; Kokotoff v. Higman, Fla.App. 1958, 101 So.2d 166; Dubov v. Ropes, Fla.App. 1960, 124 So.2d 34; Rio Seco v. Alfred Meyers Trucking, Inc., Fla.App. 1968, 208 So.2d 265. We therefore affirm the award to the plaintiff-passenger of 100% of his damages.
The question as to whether the damages allowed to the father should be reduced upon his claim for money expended on behalf of his son is a more difficult one. The claim of the father, even though it is for damages which resulted from his son's injury, is the father's action. Cicero v. Paradis, Fla.App. 1966, 184 So.2d 212. The appellees urge that the holding of the Supreme Court of Florida in Ward v. Baskin, Fla. 1957, 94 So.2d 859, is authority for the allowance to the father of 100% of the damages found by the jury. The trial court followed this reasoning and allowed a recovery without reduction for comparative negligence. In Ward, the Supreme Court held that a father's recovery for a child's injury could not be barred because of the wife-driver's contributory negligence. This holding would indicate that, under the comparative negligence doctrine, in an action by a father for a child's injuries, the negligence of the driver, if the driver were the wife of the father, would not be imputable to the plaintiff-husband. However, in the case at bar an additional factor is present; the father is the owner of the automobile.
We think that the governing analogy is that if the child were of age, he could have recovered for his own medical expenses without diminution by comparative negligence because the driver's negligence would not have been imputed to him. We therefore hold that the trial court correctly determined that the father's claim for medical expenses for the treatment of his son for injuries sustained in the accident is not reduced by the comparative negligence of the driver. This holding is not changed by the fact that the driver was the minor's mother and the wife of the plaintiff, Justo Acosta.
The last award of damages to be considered is the damages allowed to the plaintiff, Justo Acosta, for expenses "as a result of the injuries sustained by his wife". The trial court held that the father's damages are not reduced by the fact that the jury found the wife to be 25% negligent. It is well-established in Florida, under the theory that an automobile is a dangerous instrumentality, that the negligence of the driver is imputed to the owner of the automobile. See Weber v. Porco, Fla. 1958, 100 So.2d 146. In the case at bar, the wife was the driver and the plaintiff, Justo Acosta, was the owner. The husband's action for a wife's injuries is a derivative claim. Under the former contributory negligence doctrine, the negligence of the husband would bar his claim for medical expenses. Dixon v. Wright, Fla.App. 1968, 214 So.2d 787. The award to Justo Acosta for the injuries to his wife would cover both the derivative claim and a claim for medical expenses expended on her behalf. In either instance, the wife's negligence as driver is properly charged to the husband-owner. We therefore hold that the trial judge erred in failing to reduce the amount of damages found by the jury to have been suffered by Justo Acosta as a result of the injuries sustained by his *530 wife by the 25% that the jury found to be the extent of the wife's contribution to her own injury.
The appellees have cross-assigned error and presented two points. The first urges that the trial court erred in reducing Mrs. Acosta's recovery upon the claim that the evidence does not support the jury's verdict in this particular. Our review of the evidence convinces us that the matter was properly within the province of the jury and this court should not substitute its judgment for the verdict of the jury. See Burch v. Strange, Fla.App. 1961, 126 So.2d 898. The second point on cross-assignment urges that the court erred in instructing the jury on the issue of comparative negligence because there was a total lack of evidence to support the allegation of the plaintiff's negligence. This point does not present error because there is evidence in the record from which the jury could have determined that the plaintiff's failure to observe what was there to be seen contributed to her own injury. Petroleum Carrier Corp. v. Robbins, Fla. 1951, 52 So.2d 666.
Thereupon, the judgment of the trial court is affirmed in part and reversed in part as follows: The judgment allowing Blanca Acosta $3,000 of the $4,000 assessed as her damages by the jury is affirmed; the judgment allowing Luis Acosta, a minor, the sum of $500 assessed by the jury is affirmed; the judgment allowing Justo Acosta the sum of $1,360.50 assessed by the jury as his damages for injuries to his son is affirmed; the judgment allowing Justo Acosta the sum of $1,861.50, assessed by the jury as a result of the injuries sustained by his wife, Blanca Acosta, is reversed, and the judgment is amended to allow Justo Acosta 75% of the damages found by the jury as a result of the injuries sustained by his wife, or the sum of $1,396.13. The judgment is amended so that the judgment reads in the last paragraph thereof:
"ORDERED AND ADJUDGED that Plaintiff, JUSTO L. ACOSTA (on behalf of Luis Acosta, minor and Blanca Acosta) recover from the Defendant, GLORIA P. ACEVEDO and TRAVELERS INDEMNITY INSURANCE COMPANY the sum of TWO THOUSAND SEVEN HUNDRED FIFTY-SIX DOLLARS AND SIXTY-THREE CENTS ($2,756.63) for which let execution issue."
Affirmed in part, reversed in part and judgment amended and thereupon affirmed.
NOTES
[1] It should be noted that the verdict does not contain an award of property damage as a result of the collision.