PER CURIAM.
This is an appeal by Gary T. Lewis and State Farm Insurance Company, defendants in the trial court, from a judgment on a jury verdict for members of the Easley family, plaintiffs, in an action arising out of a 1965 automobile accident in which Lewis struck the vehicle driven by Ralph Easley from behind on the Julia Tuttle Causeway. Ralph Easley’s wife Dorothy and their two children, Woody and Lucille, were passengers in the car.
The evidence showed that the accident, which occurred on the downslope of a bridge on the causeway, was precipitated by another collision near the base of the bridge. Lewis testified that his vehicle was following the Easley vehicle, and as his car crested the bridge, he saw below him what appeared to be an emergency situation. He applied his brakes but rear-ended the Easley vehicle which had already stopped. Easley’s wife, Dorothy, and daughter, Lucille, both claimed to be injured in the accident. Lucille’s injuries cleared up within a few weeks, however, Dorothy suffered injuries to her neck, knee and shoulders and sought medical treatment for such injuries.
In 1969, a suit for personal injuries was filed on behalf of Ralph and Dorothy Eas-ley and their two children. The defendants answered the complaint and the parties proceeded with discovery. In 1972, Dorothy Easley died of a ruptured cerebral *175 aneurysm. The plaintiffs amended their complaint substituting Dorothy Easley’s personal claim for injuries with a wrongful death action and a survival action by Ralph Easley as administrator of her estate.
At the trial, the personal injury actions of Ralph and Woody were abandoned. Un-contradicted medical testimony was to the effect that the 1965 accident was not a cause of Dorothy Easley’s death some seven years later. Thus, the claim for wrongful death was stricken at the close of the plaintiff’s case. At the close of all of the evidence, the jury returned a verdict for the plaintiffs awarding damages for Ralph Easley, individually, in the amount of $10,000, for Ralph Easley, as the administrator of the estate of Dorothy Easley in the amount of $35,000 and for Lucille Eas-ley Gauzens in the amount of $100.
On appeal therefrom, the defendants cite several grounds for reversal, including that it was error for the court to permit Easley to testify as to earnings which he allegedly lost as a commission salesman due to the necessity that he spend more time at home with his injured wife. We agree with the appellant that this is an improper measure of damages. The appellees argue that Easley’s testimony as to loss of earnings is clearly and directly relevant and material to his claim for loss of the services of his wife, but they cite no authority to support the trial court’s admission of such evidence, and we are unable to find authority for the proposition either. “A personal injury to a married woman caused by the tort of a third person gives rise to two distinct causes of action. One cause is for the pain and suffering and the other, accruing to her husband, is for his consequential loss of her society and services and for her medical expenses.” Dixon v. Wright, Fla.App.1968, 214 So.2d 787. See also Waller v. First Savings and Trust Co., 1931, 103 Fla. 1025, 138 So. 780. Therefore, the award of $10,000 on the claim of Ralph Easley in his individual capacity must be reduced by $5,000 in order to reflect the amount due according to the proper measure of damages.
The other points raised on appeal do not demonstrate reversible error.
Accordingly, the judgment is affirmed in all respects except that the $10,000 award to Ralph Easley, individually, is reduced to $5,000.
It is so ordered.