ROBERTS, Justice.
This cause is before us on petition for writ of certiorari granted to review the decision of the District Court of Appeal, Third District, reported at 293 So.2d 778, Fla.App., which purported conflicts with Hoffman v. Jones, 280 So.2d 431 (Fla.1973). We have jurisdiction pursuant to Article V, Section 3(b)(3), Constitution of Florida.
Petitioner, Rader, a physician, and Respondent Hospital had been defendants in a malpractice suit brought against them by Josephina Osle. They were found to be jointly and severally liable for damages in the malpractice suit. Subsequently, the petitioners, physician and his insurance corn- *565 pany, filed a complaint in the Circuit Court seeking contribution from the hospital and its insurance company. Respondents moved to dismiss the action on the ground that contribution between joint tortfeasors could not be ordered under the laws of this state. The motion was granted with leave to amend and, thereafter, the amended complaint was dismissed with prejudice. The District Court of Appeal affirmed finding no merit to petitioner’s argument that the reasoning of Hoffman v. Jones, supra, required abrogation of the rule of “no contribution” among joint tortfeasors.
Since the filing of the petition sub ju-dice, the Florida Legislature enacted Section 768.31, Florida Statutes, the Uniform Contribution Among Joint Tortfeasors Act which provides that it shall be applicable to all causes of action pending at the time of its passage wherein the rights of contribution among joint tortfeasors are involved and cases filed after the effective date of the law, and following which, this Court rendered an interpretive decision on the statute in Lincenberg v. Issen et al., 318 So.2d 386 (Fla.1975), rehearing denied October 8, 1975.
Accordingly, the decision of the District Court of Appeal under review is vacated and the cause is remanded for further consideration in light of Section 768.31, Florida Statutes, and Lincenberg v. Issen, supra.[1]
It is so ordered.
ADKINS, C. J., BOYD, J., and RUDD and HARDING, Circuit Judges, concur.

. Cf. Florida East Coast Ry. Co. v. Rouse, 194 So.2d 260 (Fla.1967); Carr v. Crosby Builders Supply Co., Inc., 283 So.2d 60 (Fla. App. 4, 1973), and Hoffman v. Jones, supra. In Hoffman, this court determined that its decision adopting comparative negligence would be applicable to: “1. As to those cases in which the comparative negligence rule has been applied, this opinion shall be applicable. 2. As to those cases already commenced, but in which trial has not yet begun, this opinion shall be applicable. 3. As to those cases in which trial has already begun or in which verdict or judgment has already been rendered, this opinion shall not be applicable, unless the applicability of the comparative negligence rule was appropriately and properly raised during some state of the litigation. 4. As to those eases on appeal in which the applicability of the comparative negligence rule has been properly and appropriately made a question of appellate review, this opinion shall be applicable. 5. This opinion shall be applicable to all cases commenced after the decision becomes final.”