Ralph EASLEY, Individually and as Administrator of the Estate of Dorothy Easley, Deceased, Plaintiff-Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.

No. 74–2855.

United States Court of Appeals, Fifth Circuit.

Feb. 25, 1976.

Steven R. Berger, Miami, Fla., for defendant-appellant.

Edward A. Perse, Miami, Fla., for plaintiff-appellee.

Before BELL,* DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Appellee, Ralph Easley, brought this suit in Florida state court for damages from the appellant, State Farm Mutual Automobile Insurance Company, claiming bad faith in the settlement by State Farm of a claim resulting in a verdict in excess of applicable policy limits. State Farm removed the litigation to the district court on diversity grounds. Title 28, U.S.C., Section 1332. A trial before a jury resulted in a verdict in Easley's favor on his claim that State Farm had refused in bad faith to settle his claim by failing to pay the policy limits of the policy in effect on the automobile which collided with the automobile driven by Easley and in which Mrs. Easley was a passenger. The court below entered a final judgment for Easley for the excess in the amount of $33,554.00, and awarded him attorney's fees and costs. State Farm appeals from that judgment contending that the district court erred in denying appellant's motions for a directed verdict and for judgment n. o. v. on

---

* Circuit Judge Bell participated fully in the decision of this case and concurred in this opinion prior to the effective date of his resignation, March 1, 1976.

the grounds of insufficient evidence to support the jury finding of bad faith. We affirm the judgment.

The automobile accident giving rise to this litigation occurred in 1965. The automobile driven by Easley in which his wife, Dorothy, and two children were passengers was struck from the rear by an automobile owned and operated by State Farm's insured, Gary T. Lewis. In a jury negligence action against Lewis in state court appellee individually recovered judgment for $10,000, and for $35,-000 as administrator of his wife's estate. Appellee then brought the suit against State Farm for the excess of the jury award over the policy limit of $10,000, charging bad faith by State Farm in refusing to settle the Easleys' claims. The jury rendered a verdict in favor of appellee for the full amount of the excess and this appeal followed. Pending the outcome of the appeal of the negligence action in the state courts, we withheld ruling in this appeal.

On August 12, 1975, the Florida Third District Court of Appeal affirmed the $35,000 judgment awarded appellee, as administrator of the estate of Mrs. Easley, and reduced to $5,000 the $10,000 judgment rendered in favor of appellee on his derivative claim. *Lewis v. Gauzens*, Fla.App.1975, 318 So.2d 174. The Florida court held that the state trial court had erred in allowing Easley to testify concerning commissions he allegedly lost during the time he was required to spend at home because of his wife's injuries. The derivative damage award to appellee was reduced accordingly in order to conform to the proper measure of damages. *Id.* at 175. On September 18, 1975, the Florida District Court of Appeal denied a motion for rehearing, and the thirty day period within which to file a petition for writ of certiorari with the Supreme Court of Florida expired on October 18, 1975.

Under Florida law it is well settled that an insurer is liable for the excess over policy limits of a judgment against its insured if it fails in its duty to exercise good faith in the defense or settlement of the claim upon which judgment is based. *Campbell v. Government Employees Insurance Co.*, Fla.1974, 306 So.2d 525; *Mutual Indemnity Co. v. Shaw*, 1938, 134 Fla. 815, 184 So. 852. Whether the insurer has acted in bad faith in refusing to settle a claim is a question of fact for the jury. *Cheek v. Agricultural Ins. Co. of Watertown*, 5 Cir. 1970, 432 F.2d 1267, 1269; *Liberty Mutual Ins. Co. v. Davis*, 5 Cir. 1969, 412 F.2d 475, 481; *Springer v. Citizens Casualty Co.*, 5 Cir. 1957, 246 F.2d 123. We hold that there was sufficient evidence of State Farm's bad faith to support the award for compensatory damages in the amount that the verdict against State Farm's insured exceeded the policy limits. In light of the decision in *Lewis v. Gauzens*, supra, however, we remand to the district court with directions to modify and reduce by $5,000 the amount of the final judgment. The judgment is affirmed in all other respects.

Affirmed and remanded with directions to modify.