HOBSON, Acting Chief Judge.
This is an appeal from the final judgment in a subrogation action brought by an automobile insurance carrier to recover for payments made to its insured. The claim arose from a collision involving a van for which appellant, Garcia, is financially responsible. On Garcia’s appeal from the trial court’s finding that Garcia was liable under the dangerous instrumentality doctrine, we find that Garcia has failed to demonstrate reversible error. On insurers’ cross-appeal, we find that the trial court improperly imputed the negligence of the driver of the insured vehicle to his passenger.
Mr. Dwyer, husband, was the driver of the insured vehicle. Mrs. Dwyer, wife, was a passenger in that vehicle. The Dwyers were injured when their vehicle was struck in the rear by the van. Insurers paid $6,500 to the Dwyers in settlement of their claims. The insurers then brought this subrogation action against Garcia to recover the $6,500. The case was tried without jury. At the close of the trial, the trial court found the husband to have been 40% negligent, and found that the damages totaled $6,500. The trial court entered judgment for the amount of total damages reduced by the amount of the husband’s negligence.
Insurers argue that reduction, of the total amount of damages paid to driver and passenger, by the amount of the negligence of the driver impliedly imputes the negligence of the driver to the passenger. We agree. Insurers contend that this imputation is improper in the absence of proof of *17 vicarious liability of the passenger for the acts of the driver. Again, we agree. Acevedo v. Acosta, 296 So.2d 526 (Fla. 3d DCA 1974); Hammack v. Veillette, 233 So.2d 836 (Fla. 3d DCA 1970).
The trial court found that the total damages to plaintiffs were $6,500. The only evidence concerning the full allocation of these damages between the Dwyers was the testimony of an employee of one of the insurers. That testimony established that $4,000 was paid on wife’s claim and $2,500 was paid on husband’s claim. Garcia presented no evidence impeaching or rebutting the propriety of this allocation of the total damages. There was no evidence that wife was directly or vicariously responsible for the accident. Consequently, the trial court committed reversible error in including the damages paid on wife’s claim among the amount reduced by the degree of the husband’s negligence.
That portion of the final judgment finding Garcia liable for the damages incurred by plaintiffs is affirmed. That portion of the final judgment which includes the damages attributable to the wife’s injuries among the amount reduced by the 40% negligence of the husband is reversed. The case is remanded for entry of a final judgment awarding insurers 60% of the amount paid on the husband’s claim and 100% of the amount paid on the wife’s claim.
REVERSED IN PART; AFFIRMED IN PART.
OTT and DANAHY, JJ., concur.