■ BARBARA WAXENBERG et al., Respondents, v LOUIS GOODES, Appellant.—In an action to recover damages for personal injuries, etc., defendant appeals from (1) an order of the Supreme Court, Queens County, dated January 27, 1976, which set aside a jury award of damages as inadequate and ordered a new trial on the issue of damages and (2) an order of the same court, dated March 16, 1976, which denied defendant's motion to dismiss plaintiff Jerome Waxenberg's derivative cause of action. Order dated March 16, 1976 reversed, on the law, without costs or disbursements, and plaintiff Jerome Waxenberg's derivative cause of action is dismissed. Order dated January 27, 1976 modified, on the law, by adding thereto provisions that (1) the new trial on the issue of damages is to be between plaintiff Barbara Waxenberg and defendant and (2) after damages are determined they are to be apportioned 75% against defendant and 25% against plaintiff Jerome Waxenberg. As so modified, order affirmed, without costs or disbursements. After a trial on the issue of liability only, the jury returned a verdict, holding the defendant and the plaintiff husband, both negligent, and apportioning liability in the amounts of 75% and 25%, respectively. The

jury's determination that the plaintiff husband was contributorily negligent is a bar to his derivative suit; he therefore cannot recover for loss of services or medical expenses (see *Miller v Rankin,* 10 AD2d 695). Therefore, the derivative cause of action should have been dismissed and should not have gone to the jury for a determination of damages. At the trial on the issue of damages, it was proven by a preponderance of the evidence that the plaintiff wife suffered severe injuries resulting in substantial pain and some permanent disabilities. The injuries necessitated a cervical fusion operation which involved the excision of two discs. This operation, although relatively successful, has left the plaintiff with restricted ability to rotate her head. The operation left two scars, each approximately four and one-half inches in length. For several years prior to the cervical fusion, the plaintiff regularly used various orthopedic devices to relieve the worsening pain, caused by the nerve compression around the fifth through seventh cervical areas. It is undisputed that the plaintiff still suffers from severe headaches and other pains, including numbness of the fourth and fifth fingers of her left hand. The evidence also indicates that the trauma of the accident may have caused osteoarthritis. Based upon the above evidence, the jury's award of $30,000 was grossly inadequate and unconscionable. A new trial is therefore necessary on the issue of damages only. The plaintiff husband's derivative cause of action having been dismissed, he is not entitled to damages, and the verdict in his favor has necessarily been set aside. Since the plaintiff husband was found contributorily negligent and was found responsible for 25% of the damages, upon remand, he will be liable for 25% of the damages to be awarded the plaintiff wife. Hopkins, J. P., Martuscello, Margett and O'Connor, JJ., concur.