■ JOAN C. HINDS, Individually and as Administratrix of the Estate of ANDREW L. HINDS, Deceased, et al., Appellants, v VARSITY TRANSIT, INC., et al., Respondents. — In an action, *inter alia*, to recover damages for wrongful death, the appeals, are (1) from an order of the Supreme Court, Kings County (Meehan, J.), entered February 23, 1983, which denied the motion of Joan Cousins Hinds, as administratrix of the estate of Andrew L. Hinds, pursuant to CPLR 4404 (subd [a]), to set aside, as inadequate, the jury's verdict of $75,000 on the wrongful death cause of action and (2) upon the ground of inadequacy, from a judgment of the same court, entered February 28, 1983, which, *inter alia,* awarded the principal sum of $75,000 to Joan Cousins Hinds, as administratrix of the estate of Andrew L. Hinds, and awarded the principal sum of $4,000 to plaintiff Glenroy Phillips. ¶ Appeal from the order entered February 23, 1983, dismissed, without costs or disbursements (see *Matter of Aho,* 39 NY2d 241, 248). ¶ Judgment entered February 28, 1983 modified, on the law, by granting a new trial limited solely to the issue of damages on the wrongful death cause of action asserted by Joan Cousins Hinds, as administratrix of the estate of Andrew L. Hinds. As so modified, judgment affirmed, without costs or disbursements. ¶ In light of the evidence adduced at the trial, *inter alia,* as to decedent's age, employment history, and the situation of his distributees, the damages awarded were grossly inadequate and unconscionable (see, e.g., *Nelson v City of New York,* 52 AD2d 918; see, also, *Waxenberg v Goodes,* 58 AD2d 625). ¶ We have considered the other contentions raised on appeal and find them to be without merit. Thompson, J. P., Weinstein, Rubin and Lawrence, JJ., concur.

■ BEATRICE KLEIN, Appellant, v SHLOMO S. KLEIN, Respondent. — In a negligence action, plaintiff appeals from a judgment of the Supreme Court, Kings County (Hirsch, J.), dated November 28, 1983, which was in favor of the defendant, upon a jury verdict. ¶ Judgment affirmed, with costs. ¶ The proof that the car defendant was driving skidded, causing it to deviate from its course of travel, made out a prima facie case and put the burden upon the defendant of coming forward with an explanation. However, the defendant having come forward, the factual evaluation of the evidence as a whole was for the jury (*Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.