■ RAYMOND SCHIAROLI, Respondent, v VILLAGE OF ELLENVILLE, Appellant. (Action No. 1.) SHARON DEMEREST, Respondent, v VILLAGE OF ELLENVILLE, Appellant. (Action No. 2.) — Weiss, J. Appeals (1) from a judgment of the Supreme Court in favor of plaintiffs, entered June 5, 1984 in Ulster County, upon verdicts rendered at Trial Term (Pennock, J.), and (2) from an order of said court, entered June 25, 1984 in Ulster County, which denied defendant's motion to set aside the verdicts.

These actions were commenced pursuant to General Municipal Law § 71-a to recover damages for personal injuries sustained by plaintiffs on October 27, 1979 when they responded to

an alleged command for assistance by Norman Green, a police officer for defendant who was struggling with several persons during an arrest. Plaintiffs were passengers in a truck driven by one Peter Doyle who observed the altercation while driving past the scene and stopped to respond to the officer's ostensible call for assistance. Plaintiffs both were injured by individuals involved in the struggle and, upon the joint trial, the jury awarded plaintiff Raymond Schiaroli $50,000 and plaintiff Sharon Demerest $10,000. The trial court denied defendant's posttrial motion to set the verdicts aside. These appeals ensued.

Defendant first contends that the verdicts were against the weight of the evidence and that the jury erroneously found that Officer Green commanded plaintiffs to assist him. Both Doyle and Schiaroli testified that a gesture and call for assistance were made, thus giving rise to an issue of credibility on which the jury found in favor of plaintiffs. Defendant also contends that evidence to support a finding that plaintiffs had been commanded to assist the officer was insufficient as a matter of law. While neither plaintiff testified that he or she was personally summoned by the officer, there was evidence that the command for assistance was directed toward the occupants of Doyle's truck. From this, the jury could rationally conclude that the officer, finding himself overwhelmed, called to all three for help. "No precise words of command are required so long as the direction for assistance * * * is evident" (*Riker v City of New York,* 204 Misc 878, 882, *affd* 286 App Div 808).

Defendant's next arguments concern evidentiary rulings made during the trial, most important of which was the admission of a portion of testimony by Demerest in which she told the jury of a conversation between Doyle and Schiaroli as follows: "Well, I heard * * * [Shiaroli] ask * * * [Doyle], you know, 'Should we help?' and * * * [Doyle] said, 'Yes, Norm [Green] asked us to help him'." The trial court denied defendant's objection grounded on irrelevancy and admitted the testimony under the res gestae exception to the hearsay rule.[*] Since the statement was obviously made under the stress of the moment without time for reflection or deliberation, it qualified as a properly admissible spontaneous declaration (*see, People v Caviness,* 38 NY2d 227, 230-231; *People v Marks,* 6 NY2d 67, 71, 72).

Nor do we find error in the trial court's refusal to grant defendant's request to charge that plaintiffs must have been

---

[*] On appeal, defendant contends that the evidence is inadmissible as hearsay. However, this new ground for objection cannot be offered for the first time upon appeal unless there is no viable purpose for which the evidence was admissible (*People v Ross,* 21 NY2d 258, 263; Richardson, Evidence § 538, at 531 [Prince 10th ed]).

personally commanded to assist the officer. Such an instruction is far too narrow and ignores the premise that no specific language is required to summon the assistance of an individual. Defendant's challenge to the court's charge as to what constitutes a command for assistance was not raised at trial and, therefore, was not preserved for review (CPLR 4110-b; *see, Hunt v Bankers & Shippers Ins. Co.,* 50 NY2d 938; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519, n 7). In any event, we find that the trial court's use of the language of *Riker v City of New York* (*supra*) as a model resulted in a proper charge to the jury, which was that: "No precise words of command are required for an officer to summon a citizen to aid in arresting an offender so long as the direction for assistance is evident from the language employed."

Defendant's further contention that the trial court erred in marshaling the evidence was not preserved for review by timely protest at trial (*see, Moore v Leaseway Transp. Corp.,* 49 NY2d 720, 723). Nor, having reviewed the charge, do we find any basis to order a new trial in the interest of justice (*see, DiGrazia v Castronova,* 48 AD2d 249, 251-252). Whether any command for assistance was given by word or gesture was expressly left for the jury to resolve. The court referred to Doyle as a noninterested witness simply to ensure that his testimony would not be given any more or less significance because he was not a party to the action. The court merely described Green as a witness and employee and not, as defendant suggests, as an interested witness.

Finally, we find no reason to disturb the damage awards which clearly were not excessive.

Judgment and order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.