■ LESLIE A. HARDY, Also Known as LESLIE A. MAGISTRO, Appellant, v ANNETTE SICURANZA, Respondent, et al., Defendants. (And Another Action.)—In a negligence action to recover damages for personal injuries sustained in an automobile accident, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Miller, J.), entered July 27, 1985, which is in favor of the respondent and against her, upon a jury verdict.

Ordered that judgment is reversed, on the law, and a new trial of the plaintiff's action as against the respondent is granted, with costs to abide the event.

A statute or principle of law should be charged only where there is evidence in the record to support a finding that the statute or rule was violated (see, Green v Downs, 27 NY2d 205, 208-209; Gamar v Gamar, 114 AD2d 487; Wilmot v City of New York, 73 AD2d 201). The trial court's instructions to the jury should state the law as applicable to the particular facts in the case. Applying these standards, we find the trial court erred in charging the rules applicable to the standard of care in an emergency situation (PJI 2:14). The "emergency charge"

should not be given where, as here, the respondent should reasonably have anticipated and been prepared to deal with the situation with which she was confronted, as she had observed it from approximately 600 feet away (see, *Shaw v Manufacturer's Hanover Trust Co.,* 95 AD2d 738; *McAllister v Adam Packing Corp.,* 66 AD2d 975).

It was also error for the trial court to decline the plaintiff's request to charge Vehicle and Traffic Law § 1216. The record indicates that the respondent, while operating her vehicle at the crest of a hill, on wet pavement, observed flashing red warning lights on a stationary truck approximately 600 feet away. She applied the brakes and shifted her vehicle into neutral. The car started to skid and fishtail down the hill until it hit the truck. Since this evidence tends to prove that Vehicle and Traffic Law § 1216 was violated, the requested instruction should have been charged to the jury.

Further, we also note that the trial court's comment expressing its belief in the veracity of the respondent was improper.

Accordingly, a new trial is warranted. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.