■ DENNIS F. ZIMMERMANN et al., Appellants, v MICHAEL F. SPAZIANTE et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated April 20, 1987, which is in favor of the defendants and against them, upon a jury verdict.

Ordered that the judgment is affirmed, with costs.

On January 3, 1981, during the course of a snowfall, the plaintiff Dennis Zimmermann was injured when the car which he was driving in a westbound direction in the center lane of Interstate 80 in New Jersey was hit by a car driven by the defendant Michael Pappalardo and owned by the defendant Michael Spaziante. The defendant Pappalardo was proceeding at approximately 40 miles per hour in the same direction as

the plaintiff and was in the furthest left lane of Interstate 80 at the time of the accident. According to the defendant Pappalardo, and his passenger, the defendant Angela Spaziante, their car went over a slippery spot in the roadway, suddenly "spun out", and made contact with the plaintiffs' car. The accident report prepared by a State Trooper indicated that the road at the accident site was "icy".

On the instant appeal, the plaintiffs argue that the jury's verdict in favor of the defendants was against the weight of the evidence and that a new trial is warranted. We disagree with the plaintiffs' argument. It "has often been stated that a jury verdict in favor of a defendant should not be set aside unless 'the jury could not have reached the verdict on any fair interpretation of the evidence' " *(Nicastro v Park,* 113 AD2d 129, 134, quoting *Delgado v Board of Educ.,* 65 AD2d 547, *affd* 48 NY2d 643). The credible testimony in the record indicates that the defendants' car was operated in a straight path, and below the speed limit, before its sudden spin. In addition, the record is totally devoid of any evidence indicating that the defendants' car was maintained in an unsafe condition. It is well settled that: "Evidence of skidding out of control is only prima facie evidence of negligence on the part of the driver; it does not mandate a finding of negligence. Such evidence together with the explanation given by the driver, presents factual questions for determination by the jury" *(Vadala v Carroll,* 91 AD2d 865, *affd* 59 NY2d 751).

Accordingly, the judgment is affirmed. Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.