■ JUDITH L. DEUTSCH et al., Appellants, v HORIZON LEASING CORPORATION et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Buell, J.), entered March 18, 1987, which, upon a jury verdict, is in favor of the defendants and against them on the issue of liability.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff Judith Deutsch testified that on the day of the accident, December 13, 1977, she was proceeding up the approach ramp of the 72nd Street entrance to the southbound Henry Hudson Parkway when her car was struck in the rear by a vehicle driven by the defendant Anthony R. Loguidice.

She got out of her car to exchange information with Loguidice and was hit by the vehicle driven by the defendant Bunny Entrup and leased from the defendant Horizon Leasing Corporation. Although it had been raining, the plaintiff testified that there was no ice on the roadway.

The defendant Anthony R. Loguidice testified that as he proceeded up the approach ramp, he saw the Deutsch car and two other vehicles stopped at the side of the road. He was only traveling about 15 miles per hour, and although he applied his brakes immediately, he began to skid and hit the Deutsch car. He alighted from his car and found that the roadway was covered with ice. Although he told Mrs. Deutsch to remain in her car due to the slippery conditions, she insisted on getting out to assess the damage to her car. Shortly thereafter, the car driven by Bunny Entrup came around the curve in the ramp and collided with Mrs. Deutsch and her car.

The defendant Bunny Entrup testified that although she was traveling about 5 to 10 miles per hour and attempted to avoid the Deutsch and Loguidice vehicles, her car skidded out of control due to the icy conditions. She described the condition of the roadway in her prior travels that day and the condition of the ramp at the site of the accident as follows:

"Q. What did you notice about the entire roadway there at this area where the accident took place?

"A. It was all ice.

"Q. At any time was there ice on Riverside Drive or 72nd Street?

"A. No.

"Q. At any time was there ice coming down the Henry Hudson Parkway?

"A. No.

"Q. At any time was there ice on any portion of that trip?

"A. No, not till the accident.

"Q. Did you ever skid before the accident happened or moments before?

"A. No.

"Q. Did you see anybody skid before then?

"A. No."

Jacqueline Mack, a passenger in the car driven by Entrup, described the condition of the roadway as follows:

"Q. When you saw these two vehicles on the roadway, what, if anything, at that point in time, did you notice about the

operation of the car that Bunny was driving? What did she do?

"A. When we got to the underpass, it got all icy. It was just a complete sheet of ice.

"Q. Before the overpass was there any ice?

"A. Not to my knowledge.

"Q. Was there any skidding or sliding before the underpass?

"A. No."

One of the police officers who responded to the scene testified that there was ice on the ramp, the roadway was slippery and, because of the "icy conditions", he blocked the entrance ramp.

On appeal, the plaintiffs claim that numerous errors which occurred during the trial require reversal. Initially, we do not agree with the plaintiffs that the trial court erred in charging the jury as to all three drivers, including the plaintiff Judith L. Deutsch, on the emergency doctrine based on the evidence presented, namely, an accident on a curved, inclined ramp upon which there was a "sudden and unforeseen" isolated icy condition (see, Cordes v Torrisi, 109 AD2d 813, 814; Pescetti v Mastrodominico, 79 AD2d 970, affd 54 NY2d 633). Further, the court properly declined to charge that Jacqueline Mack, the passenger in the Entrup car, was an interested witness. The car that Mrs. Entrup was driving was provided by Mrs. Mack's employer, the Rhulen Agency, and was leased from the defendant Horizon Leasing Corporation. However, Mrs. Mack herself was not an "actor in the transaction" at issue and had no reason to shield herself from blame (see, Coleman v New York City Tr. Auth., 37 NY2d 137). Nor was her employment alone sufficient to place her in the interested witness category.

The plaintiffs also contend that the trial court erred in permitting Mrs. Mack to testify as to a certain statement made by the defendant Bunny Entrup immediately before the impact that, "I cannot control the car. It's a sheet of ice." Initially, we note this testimony was admitted without objection. "When a timely objection is not made, the testimony offered is presumed to have been unobjectionable and any alleged error considered waived" (Horton v Smith, 51 NY2d 798, 799; see also, Matter of Giacalone, 143 AD2d 749; Sanchez v Kato, Inc., 115 AD2d 646; Rubio v Reilly, 44 AD2d 592; CPLR 4017). In any event, the court properly allowed Mrs. Mack to testify as to this statement made by Mrs. Entrup immediately before the impact, since it was "made under the

stress of the moment without time for reflection or delibera- tion" *(Schiaroli v Village of Ellenville,* 111 AD2d 947, 948) and qualified as an excited utterance *(see, Flynn v Manhattan & Bronx Surface Tr. Operating Auth.,* 94 AD2d 617, *affd* 61 NY2d 769).

The plaintiffs cite numerous instances of alleged misconduct by one of the defense attorneys during his opening statement and summation. However, only one of these alleged errors is preserved for review. Furthermore, we find that the state- ments objected to in the summation on behalf of that defen- dant were fair comments based on the testimony.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.