■ MARY B. CAVUTO, Individually and as Mother and Natural Guardian of HEATHER DUQUETTE, an Infant, Appellant, v SHOUN LILLEDAH et al., Respondents.—Mikoll, J. Appeals (1) from a judgment of the Supreme Court (Plumadore, J.), entered May 31, 1989 in Clinton County, upon a verdict rendered in favor of plaintiff, and (2) from an order of said court, entered April 5, 1989 in Clinton County, which denied plaintiff's motion to, *inter alia,* set aside the verdict.

Heather Duquette, a 14-year-old girl, was injured on July 24, 1985 while a passenger in a vehicle being driven by defendant Shoun Lilledah (hereinafter defendant) with the consent of its owner, defendant Rosa Lilledah, his mother. As a result of the injuries Duquette suffered, plaintiff, Duquette's mother, commenced this action both individually and on Duquette's behalf. In the complaint plaintiff alleged that defendant was negligent in operating the vehicle at an unreasonable speed, in failing to notice the dead end of the road and causing the vehicle to flip over, thus causing Duquette's injuries. Duquette allegedly suffered a skull fracture and posttraumatic vascular headaches.

The record of the ensuing trial discloses that defendant, with Duquette and seven other passengers in the vehicle, was proceeding down a bumpy dirt road. His passengers had lowered the back seats of the vehicle and were lying down in the back. The car was designed to carry only five people. Defendant contended that he was momentarily distracted by the boisterous behavior of Duquette and the other passengers so that in attempting to quiet them, he failed to notice the end of the road. He applied his brakes, causing the car to swerve and roll over. The jury found that Duquette sustained a serious injury and awarded damages of $6,000. Defendant was found 60% negligent and Duquette 40% negligent. Supreme Court declined plaintiff's motion to set aside the verdict. Plaintiff has appealed from both the judgment on the verdict as well as from the court's order refusing to set aside the verdict.

Addressing plaintiff's allegations of error on this appeal, we find plaintiff's contention that Supreme Court erred in failing to direct a verdict for plaintiff on the issue of liability to be without merit. Such a motion is to be directed to the court at the close of a defendant's case *(see,* CPLR 4401). The record here discloses no such motion was made by plaintiff's counsel.

Rather, counsel merely stated his opposition to defendant's motion to dismiss plaintiff's cause of action. However, even if such a motion had been made by plaintiff, we would nonetheless find that a denial of it would have been appropriate under the circumstances. The record reveals that although defendant made an admission by way of his plea of guilty to violating Vehicle and Traffic Law § 1180 (e), operating his vehicle too fast for the conditions present, there was also evidence that the boisterous behavior of Duquette and the other passengers was a contributing factor to the accident. An issue of liability was thus created and a directed verdict would have been inappropriate.

Plaintiff also ascribes error to Supreme Court in permitting cross-examination of Duquette about her use of alcoholic beverages on the ground of irrelevance, immateriality and prejudice. Duquette's credibility being in issue, it was appropriate to permit questions regarding her character *(see, Gedrin v Long Is. Jewish-Hillside Med. Center,* 119 AD2d 799). A court has broad discretion to decide the extent of evidence presented to impeach a witness *(People v Coleman,* 56 NY2d 269). The use of alcohol was also relevant to the question of the extent of Duquette's damages. There was medical evidence in the record that Duquette's use of alcohol was contraindicated because of her brain injury and that it may have been the cause of her continued headaches. Evidence of Duquette's use of alcohol was thus relevant because it made the likelihood of defendant's culpability for her damages less probable.

Plaintiff also challenges Supreme Court's submission to the jury of the issue of Duquette's culpability. We note that plaintiff's counsel did not object to such instruction. The issue is thus not preserved for review and we decline to entertain it. The same result pertains to plaintiff's failure to object to the court's instructions on Duquette's failure to use seat belts. This also was not preserved for review by timely objection.

Plaintiff also urges that Supreme Court erred in not setting aside the jury verdict as inadequate. We note that the question of Duquette's injuries and her recovery therefrom were sharply contested. The jury found that Duquette suffered a serious injury. However, the record discloses that she recovered rapidly and returned to a normal, very active and athletic life shortly thereafter. She did well in school, was an exceptional athlete, worked after school and otherwise engaged in a teen-ager's typically active social life. Her complaints of disabling headaches were thus undermined by her life-style and the testimony of physicians who indicated that

her headaches were subjective, could be attributable to the use of alcohol and birth control pills, and may well have had a psychological component. Faced with evidence that undermined the severity and permanency of her complaint of postvascular headaches, the jury apparently resolved the issue against Duquette's interest. We cannot say that the record impels a different conclusion.

Judgment and order affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.