■ ELLEN HEALY et al., Individually and as Parents and Natural Guardians of HELEN HEALY, an Infant, Appellants, v KIM GRECO et al., Respondents.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Dickinson, J.), entered July 27, 1989 in Putnam County, upon a verdict rendered in favor of defendants.

---

On this appeal from a judgment dismissing the complaint in this bifurcated negligence trial in which the jury awarded a verdict on liability in favor of defendants, plaintiffs argue that (1) Supreme Court erred in charging the jury on the emergency doctrine, (2) Supreme Court erroneously denied defendants' motion to set aside the jury verdict as against the weight of the evidence, and (3) defense counsel's improper prejudicial comments deprived plaintiffs of a fair trial. We disagree. The judgment should be affirmed.

As there was no objection taken to Supreme Court's instruction concerning the emergency doctrine, defendants' first claim of error has not been preserved for appellate review *(see, Columbia v Horowitz,* 162 AD2d 579, 580; *Cavuto v Lilledah,* 161 AD2d 853, 854, *lv denied* 76 NY2d 710). Moreover, as there was "some evidence of a qualifying emergency", the instruction appears proper *(Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *see, Malatesta v Hopf,* 77 NY2d 828, *affg on mem below* 163 AD2d 651). Defendant Kim Greco (hereinafter defendant), while going around a curve, encountered a patch of ice on an unplowed road, lost control of the car and struck a utility pole. Defendant testified that she saw no ice on the roads while traversing them for approximately 2½ hours preceding the accident that day. Her car was in good mechanical condition with studded snow tires on the rear end. Visibility was good. She was traveling 15 to 20 miles per hour when she skidded. Upon this record we find no reason to exercise our discretion and grant a new trial in the interest of justice *(see, Rivera v New York City Tr. Auth., supra,* at 327; *see also, Deutsch v Horizon Leasing Corp.,* 145 AD2d 405, 407; *Hardy v Sicuranza,* 133 AD2d 138, 138-139).

Plaintiffs' next argument, that it was error to deny their motion to set aside the jury verdict as against the weight of the evidence, is without merit. It is "only when the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence" that one may succeed on such a motion *(Frasier v McIlduff,* 161 AD2d 856, 858; *see, Zimmermann v Spaziante,* 143 AD2d 745, 746). Such preponderance is not present here. The inference of negligence created by defendant's loss of control of the car which crossed the other lane and hit the utility pole was rebuttable *(see, Zimmermann v Spaziante, supra,* at 746; *Klein v Klein,* 101 AD2d 828). The jury could therefore conclude that when defendant was suddenly confronted with the car skidding she was driving reasonably.

Finally, plaintiffs' argument that prejudicial comments by defendants' counsel improperly influenced the jury, thus depriving plaintiffs of a fair trial, has not been preserved for this court's review because of plaintiffs' failure to make timely objections at trial (see, Polimeni v Bubka, 161 AD2d 568, 569; Vavallo v Consolidated Edison Co., 150 AD2d 556, 559). We do not view the comments made to be inflammatory and again decline to exercise our discretion and grant a new trial in the interest of justice.

Casey, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed, with costs.