■ BRIDGIT MCKENNA, Appellant, v STEPHEN ETHER et al.,

Respondents.—Mikoll, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered February 28, 1991 in Greene County, upon a verdict rendered in favor of defendant Stephen Ether.

As defendant Maurice McKenna was driving his vehicle west on the Schoharie Turnpike in Greene County, he collided with a vehicle driven by defendant Stephen Ether, which was traveling south on U.S. Route 9W. There was evidence at the trial which indicated that the McKenna automobile failed to yield the right-of-way after it stopped at a stop sign facing westbound traffic on the Schoharie Turnpike at its intersection with Route 9W and, as McKenna's car proceeded across Route 9W, it was struck in the passenger door area by the Ether vehicle. Immediately before the accident, Ether was passing on the right of a truck about to make a left turn from Route 9W onto the Schoharie Turnpike. Plaintiff, a passenger in the vehicle driven by McKenna, her husband, brought this action against McKenna and Ether to recover damages for personal injuries she received in the accident. Ether cross-claimed against McKenna and McKenna in turn cross-claimed against Ether. After trial on the issue of liability, a jury found McKenna negligent and Ether not negligent. Consequently, the complaint was dismissed against Ether.

In their testimony at trial, both McKenna and Ether described the highways as two-lane roads, one lane in each direction. However, when Ether later testified that Route 9W is "technically a three-lane highway", he explained this by stating, "I have just been told it's a three-lane highway. There's enough room on one lane of traffic for two cars to travel on." When pressed as to how often he had seen cars traveling side-by-side down Route 9W, Ether responded, "I'm saying to pass a car, there is enough room for you to pass a car on the right without leaving the road."

At the conference before the charge, plaintiff's counsel requested that Supreme Court "consider charging PJI 2:84 A, car leaving the road". The court responded, "I don't think there are any facts in this case which indicate that Ether left the highway. Accordingly, your request for that charge is denied." Later, the jury, during deliberations, posed this question to the court: "Did * * * Ether have a right to pass the truck on the right even if it meant going onto the shoulder?" In response, the court instructed the jury, "Under the facts and circumstances of this case, there is no statute which prohibited * * * Ether from passing on the right. However, even in the absence of any statute * * * Ether was under a

duty to use reasonable care in passing the truck as I previously charged to you." At this point plaintiff's counsel again called the court's attention to his earlier charge request but the court interrupted and said, "There's no need to repeat it to me * * * I don't think there's any proof on which the jury could find he left the highway."

The prime questions presented on this appeal by plaintiff are (1) whether Supreme Court properly refused a request to charge the jury concerning a motor vehicle leaving the road (see, PJI 2:84A), (2) whether the court improperly stated the law in response to the deliberating jury's question of whether Ether had a right to pass a truck on the right even if it meant traveling on the shoulder of the road, and (3) whether plaintiff had waived one or both issues by failing to object. We conclude that Supreme Court improperly refused plaintiff's charge request, improperly stated the law in response to the jury's question and that, under the circumstances, plaintiff did not waive these issues. The judgment should be reversed and a new trial granted.

In our view there was evidence from which the jury could infer that the Ether car left the roadway when it passed the truck on the right at the intersection of Route 9W and the Schoharie Turnpike; Supreme Court therefore erred in refusing to consider the charge requested (see, Hardy v Sicuranza, 133 AD2d 138). Ether said that the truck was in the southbound lane of Route 9W. In addition, in response to a question from the court, Ether testified as follows: "There was a truck in front of me, okay? I saw the vehicle, the McKenna vehicle. And as I got—approached the truck, I took my eye off the McKenna vehicle to go around the truck, and that's when the McKenna vehicle pulled out in front of me." McKenna testified that, as he was waiting at the intersection of the Schoharie Turnpike and Route 9W, a different truck passed him on the right, turned right and proceeded north on Route 9W. Significantly, McKenna said that that truck had to go onto the shoulder of the Schoharie Turnpike to pass him on the right. Ether's testimony that he did not leave the roadway is inconsistent with his statement that there was only one southbound traveling lane on Route 9W. In addition, Ether's explanation for declaring Route 9W a three-lane highway, in the face of his earlier testimony that it was a two-lane highway, could lead the jury to reject his claim that his car did not leave the roadway.

We also find error in Supreme Court's subsequent refusal to instruct the jury in this regard when, during its deliberations, the jury asked the court if Ether had a right to pass the truck on the right, even if it meant going on the shoulder. At this point, the court had an obligation to instruct the jury on the legal effect of a violation of Vehicle and Traffic Law § 1123 (b), which generally prohibits passing another vehicle on the right by driving off the pavement or main-traveled portion of the roadway (see, Hardy v Sicuranza, supra; see also, McConnell v Nabozny, 110 AD2d 1060).

Finally, in our view there was no waiver by plaintiff with respect to Supreme Court's charge by failing to request such a charge or to object to it as given. The court's attention was adequately called to the issue by the initial request to charge. Supreme Court's remarks and erroneous factual conclusion that there was no evidence that Ether had driven off the road precluded further objection to the court's charge on the issue. When plaintiff's counsel excepted to the court's answer to the jury's question and again sought a charge with respect to leaving the highway, the court reiterated its own erroneous version of the proof, indicating that further requests from counsel on the subject would be futile.

Yesawich Jr., Levine and Crew III, JJ., concur.

Weiss, J. P. (dissenting). I would affirm the judgment. Of the four witnesses called by plaintiff as part of her direct case, only defendant Stephen Ether testified as to southbound traffic on U.S. Route 9W. His testimony can be summarized briefly. Ether was proceeding southbound on Route 9W. As he approached the intersection of Route 9W and the Schoharie Turnpike, he observed a truck awaiting an opportunity to make a left hand turn and proceed easterly on the Schoharie Turnpike. Ether unambiguously testified that the southbound lane of Route 9W was of sufficient width to enable him to pass on the right of the truck without crossing over the white fog line which separated the highway and the shoulder. There is nothing in the record other than mere speculation by plaintiff's attorney to suggest that Ether ever left the southbound travel lane. Plaintiff was asleep and her driver, defendant Maurice McKenna, whose view northward on Route 9W was impaired by another truck which passed him on the right and then proceeded north on Route 9W, testified that he saw neither the truck on Route 9W nor Ether. McKenna called as a witness the responding police officer, who testified that he

had no recollection of the accident apart from his report.* The record is completely barren of any support for a charge to the jury based upon the fact that Ether may have left the roadway, and therefore such a charge (PJI 2:84A) was properly denied (see, Hardy v Sicuranza, 133 AD2d 138).

Plaintiff next contends that Supreme Court misstated the law in response to a question from the jury. The jury asked, "Did * * * Ether have a right to pass the truck on the right even if it meant going onto the shoulder?" The court did not directly answer the specific question but instead stated that "[u]nder the facts and circumstances of this case, there is no statute which prohibited * * * Ether from passing on the right. However, even in the absence of any statute Ether was under a duty to use reasonable care in passing the truck as I previously charged to you." This instruction was technically correct since the statute permits passing on the right of a vehicle that is turning left if the movement can be made in safety and without driving off the main-traveled portion of the roadway (Vehicle and Traffic Law § 1123 [b]). No exception having been taken, plaintiff is deemed to have waived her objection (see, CPLR 4110-b; Seneca Dress Co. v Bea-Jay Mfg. Corp., 156 AD2d 894, 895). Nor was this objection preserved by plaintiff's objection to the denial of her earlier request to charge PJI 2:84A—"Car Leaving Road", which involves neither statutes nor passing on the right.

Since there is not a scintilla of evidence in the record to support plaintiff's contentions, the judgment should be affirmed.

Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.

---

* The police report of the accident is not in the record. Moreover, the police officer stated that he could not remember any of the facts surrounding the accident.