■ JERRY GRAHAM, Appellant, v CITY OF ROCHESTER, Respondent and Third-Party Plaintiff. ROCHESTER GAS & ELECTRIC CORP., Third-Party Defendant-Respondent. (Appeal No. 1.) [614 NYS2d 93] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff contends that Supreme Court committed reversible error in permitting defendant and third-party defendant to advise the jury that the County of Monroe had previously been found responsible for the accumulation of water in the underpass and held partially liable for plaintiff's injuries. We disagree. It is uncontested that the information conveyed to the jury correctly apprised them of findings made at plaintiff's first trial that were affirmed on appeal. Thus, the jury was properly informed that certain matters had been determined as a matter of law. The present circumstance is analogous to that in which a court, at the close of the proof, grants partial judgment pursuant to CPLR 4401 against one of several codefendants and the litigation proceeds among the remaining litigants (see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.07; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5012.05). If that occurs, as here, the jury must be advised of the court's determination and instructed whether it is to

consider that determination in its deliberations. In any event, given Supreme Court's specific instruction that the jury was not to consider the liability of the County in determining the issues in this case or in assessing the liability of the parties, the error, if any, is harmless *(see, Sansone v Lake,* 124 AD2d 990, 991, *lv denied* 69 NY2d 611).

We have reviewed plaintiff's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Negligence.) Present— Denman, P. J., Lawton, Fallon, Doerr and Davis, JJ.