■ RICHARD SIMPSON, as Grandparent and Guardian ad Litem of DAVID SIMPSON, an Infant, Appellant, v MELISSA SIMPSON et al., Respondents, et al., Defendants. [635 NYS2d 346] —White, J. Appeals (1) from an order of the Supreme Court

(Harris, J.), entered May 25, 1994 in Albany County, which, *inter alia*, granted motions by defendants Robert Tidd and the Town of Bethlehem for summary judgment dismissing the complaint and all cross claims against them, and (2) from an order and judgment of said court (Marinelli, J.), entered July 19, 1994 in Albany County, upon a verdict rendered in favor of defendants Melissa Simpson and Ronald Cronk.

Following the completion of discovery in this automobile negligence action, defendants Town of Bethlehem together with its employee Robert Tidd (hereinafter collectively referred to as the Town), Paul D. Caswell, III (hereinafter Caswell) and Paul D. Caswell, Jr. were awarded summary judgment dismissing plaintiff's complaint as to them. Plaintiff then proceeded to trial against the remaining defendants, Melissa Simpson and Ronald Cronk, the operator and owner, respectively, of the vehicle in which Simpson's infant son was riding. At the conclusion of the trial, the jury returned a verdict in favor of Simpson and Cronk which Supreme Court refused to set aside. Plaintiff appeals from the grant of summary judgment to the Town and the jury verdict. We shall first consider plaintiff's challenge to the award of summary judgment to the Town.

To obtain summary judgment, the Town had the initial burden of coming forward with admissible evidence showing, as a matter of law, that it was not negligent (*see, Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067). In the event the Town satisfied this obligation, the burden shifted to plaintiff to demonstrate by admissible evidence the existence of a triable issue of fact as to the Town's negligence (*see, Joines v Karika*, 184 AD2d 945, 946).

The Town supported its motion with an affidavit by Robert Tidd, who stated that on March 16, 1990 at about 4:00 P.M., he was operating a Town dump truck in an easterly direction along County Route 396 in the Town of Bethlehem, Albany County, a two-lane roadway with a double yellow center line. As he was negotiating a curve, he noticed the Simpson vehicle approaching him in the westbound lane. When Simpson got closer, Tidd saw that she had diverted her eyes from the road and, when she was 15 to 20 feet from him, he then saw her yank her steering wheel to the right, causing her car to go onto the shoulder of the westbound lane. Through his rear view mirror, Tidd saw the Simpson vehicle move back into the westbound lane and then cross the double yellow center line into the eastbound lane where he lost sight of it. Upon stopping and exiting his truck, Tidd saw that the Simpson vehicle had collided in the eastbound lane with the vehicle that had

been following the truck, which Tidd ultimately learned was operated by Caswell. Tidd also stated that at no time did the truck cross any portion of the yellow center line.

The Town's motion was further supported by the pretrial deposition testimony of Caswell, who testified that the truck did not cross the yellow center line nor did its speed exceed 30 miles per hour the entire time he was following it. Inasmuch as the Town's proof shows that the truck did not cross the center line, it established its right to summary judgment (*see, Gardner v Ethier*, 173 AD2d 1002, 1003).

To meet his burden, plaintiff relied on Simpson's pretrial deposition testimony. She testified that all she can remember about the accident is a big green truck coming at her and that she had to swerve to the right since she thought she and the truck would collide as she believed the truck was crossing the center line. When asked if the truck went over the center line, she replied "I believe so * * * [b]ecause there had to have been some reason why I turned towards the right". She later admitted that she had no recollection of the truck being on her side of the road.

Having reviewed Simpson's testimony in the light most favorable to plaintiff and having given him the benefit of every reasonable inference (*see, Meyers v Haskins*, 140 AD2d 923, 925), we find that Supreme Court did not err in awarding the Town summary judgment because Simpson's belief, unsupported by evidentiary proof, that the truck crossed the center line is merely an unsubstantiated assertion that is clearly insufficient to defeat summary judgment (*see, Anable v Bollentin*, 175 AD2d 545, 546).

A jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so greatly in the plaintiff's favor that the jury could not have reached its conclusion on any fair interpretation of the evidence (*see, Healy v Greco*, 174 AD2d 877, 878; *Nicastro v Park*, 113 AD2d 129, 134). A review of the trial evidence shows that it was essentially the same as that submitted on the summary judgment motion, except that Simpson's testimony was more equivocal in that, even after her recollection was refreshed by her pretrial deposition testimony, she stated that she did not know if the truck crossed over the center line into her lane.

Plaintiff's proof showing that Simpson's vehicle crossed over into the oncoming lane of travel established a prima facie case of negligence against Simpson which shifted the burden to her to come forward with an explanation for her actions (*see,*

*Pfaffenbach v White Plains Express Corp.*, 17 NY2d 132, 135; *Klein v Klein*, 101 AD2d 828). Because our examination of the record discloses that Simpson did not provide an explanation, Supreme Court should have set the verdict aside since the jury's conclusion that Simpson was not negligent could not have been reached on any fair interpretation of the evidence (*see, Viegas v Esposito*, 135 AD2d 708, 709, *lv denied* 72 NY2d 801 [awarding the plaintiff summary judgment where the defendant did not provide an explanation]; *compare, Dutcher v Fetcher*, 183 AD2d 1052, 1054, *lv denied* 80 NY2d 761; *Healy v Greco, supra*; *Malatesta v Hopf*, 163 AD2d 651, 653, *affd* 77 NY2d 828, 830 [where the defendants attributed their actions to emergency situations]). Accordingly, we shall reverse Supreme Court's denial of plaintiff's motion to set aside the verdict in favor of Simpson and Cronk and remit for a new trial.

This disposition makes it unnecessary to consider plaintiff's remaining contentions other than to note that at the new trial, to avoid confusion and speculation, the jury should be informed that the Town has been found to have not been negligent in this matter (*see, Graham v City of Rochester*, 204 AD2d 992).

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the order entered May 25, 1994 is affirmed, without costs. Ordered that the order and judgment entered July 19, 1994 is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.