■ ANTOINETTE CARISTO et al., Appellants, v AUGUSTINE SANZONE et al., Respondents. [711 NYS2d 23] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Minardo, J.), dated May 4, 1999, which, upon a jury verdict, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This action arises from an accident which occurred on the morning of February 26, 1995, when a vehicle operated by the defendant Augustine Sanzone skidded on ice and struck a vehicle operated by the plaintiff Antoinette Caristo. According to the plaintiff driver, a mixture of rain and snow had started to fall about 1½ hours before the accident. However, the plaintiff driver admitted that the roads were not icy. The defendant driver similarly testified that a combination of rain, freezing rain, and snow was falling on the morning of the accident. Despite the weather conditions, the defendant driver maintained that he encountered no problems with the roadway prior to the accident, and did not see any ice until he reached the top of a hill on Foster Road. The defendant driver did not realize that there was a sheet of ice on that section of Foster Road until he began to descend the hill and his vehicle started to slide. Although the defendant driver tapped on his brakes as he skidded down the hill, he was unable to stop. His vehicle entered

an intersection against a stop sign and collided with the plaintiff's vehicle.

On appeal, the plaintiffs contend that the Supreme Court committed reversible error in granting the defendants' request for a charge on the emergency doctrine. We disagree. An emergency doctrine instruction may be given where a reasonable view of the evidence presented at trial would support a finding that the party requesting the charge was confronted by a "sudden and unforeseen occurrence" not of his or her own making (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). Where evidence of a qualifying emergency is presented, "then the reasonableness of the conduct in the face of the emergency is for the jury, which should be appropriately instructed" (*Rivera v New York City Tr. Auth., supra,* at 327). Indeed, the failure to give an emergency instruction in an appropriate case constitutes reversible error (*see, Rivera v New York City Tr. Auth., supra,* at 326). While the dissent points out that this Court has found an emergency doctrine charge to be unwarranted in several cases in which rear-end collisions were caused by vehicles skidding on wet roadways, those cases are distinguishable from the case at bar. Here, both drivers involved in the accident agreed that road conditions were not icy at the time of the collision, and the defendant testified, without contradiction, that he encountered no ice on the roadway until he began to descend the hill on Foster Road.

An analogous situation was presented in *Deutsch v Horizon Leasing Corp.* (145 AD2d 405). In that case, which stemmed from a three-car collision, the drivers of the second and third vehicles involved in the accident testified that they skidded on ice which had formed on an approach ramp to the Henry Hudson Parkway. Although the collision took place on a rainy day in December, all three drivers testified that they had encountered no ice on the roadway until they reached the accident site. This Court concluded that the jury was properly given an emergency doctrine instruction, because the accident occurred "on a curved, inclined ramp upon which there was a 'sudden and unforeseen' isolated icy condition" (*Deutsch v Horizon Leasing Corp., supra,* at 407, quoting *Cordes v Torrisi,* 109 AD2d 813, 814). The *Deutsch* case was followed in *Healy v Greco* (174 AD2d 877), where the Appellate Division, Third Department, found that some evidence of a qualifying emergency existed where the defendant, who had seen no ice on the roads while driving for approximately 2½ hours before the accident, encountered a patch of ice on an unplowed road while negotiating a curve, and lost control of her vehicle. As in *Deutsch* and

*Healy*, a reasonable view of the evidence in this case could support a finding that the defendant driver was faced with an emergency situation, not of his own making, when he unexpectedly encountered an isolated icy condition at the top of a hill (*see also, MacFarland v Reed,* 257 AD2d 802). Accordingly, the jury was properly instructed that they could consider whether the defendant driver was faced with an emergency, and, if so, whether his response to the emergency was that of a reasonably prudent person.

Furthermore, the verdict in favor of the defendants was not against the weight of the evidence since it cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 132). Thompson, Altman and Krausman, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment and order a new trial in a memorandum in which Joy, J., concurs: The defendant driver testified that when he got up on the morning of the day of the accident, February 26, 1995, the weather condition "looked like it was rain that on occasions was turning into snow * * * also it looked like it was frozen rain * * * it was doing everything". The parties stipulated that the weather report for the day indicated that the temperature at 7:00 A.M. was 22 degrees Fahrenheit, and dropping.

The defendant driver acknowledged that when he left his house at about 8:30 A.M., there had been "some rain, some snow for approximately an hour and a half" and the roads were wet. As he proceeded on Richmond Parkway to the Foster Road exit, he claimed he had no problem controlling his vehicle. As he was driving on Foster Road to its intersection with Woodrow Road, where the accident occurred, he noted that the weather conditions had worsened: "it was more like frozen rain and hail at the time".

The defendant driver testified he proceeded at 20 to 25 miles per hour until he reached a downhill portion of the roadway, and his car "started to slide". He claimed that he applied his brakes, but the momentum of his car and what he described as a "sheet of ice on that hill" prevented him from stopping. As a result, he skidded 175 to 200 feet through a stop sign and collided with the plaintiffs' vehicle.

The plaintiff driver and the police confirmed that it was raining and snowing at the time of the accident, and had been raining and snowing for about an hour and a half prior to the accident. The plaintiff driver further testified that, although she would not characterize the roads as icy, "there was * * * snow on the road" as she traveled on Woodrow Road to the site

of the accident. As a result of the slippery conditions, she reduced her speed prior the the impact. The police officer who responded to the scene of the accident described the road conditions as a "combination of snow and ice". The trial court, over the plaintiffs' objection, instructed the jury with respect to the emergency doctrine. To give this charge, in my opinion, under the particular facts of this case, constituted reversible error.

The plaintiffs noted that "[t]he testimony has come in that it was raining, it was snowing with hail, it was sleeting", and therefore the conditions encountered by the defendant driver were not unanticipated. However, the trial court found that the instruction was proper because the defendant driver testified "he had no trouble negotiating any of the roads until the point where he came to the top of a hill or actually a plateau which suddenly turned into a decline * * * he was on level ground until such time as he hit the top of a certain street and then the road declined".

In a situation where the defendant driver claimed to have skidded on wet pavement, this Court held that "[a]n emergency instruction should not be given where, as here, the defendant driver should reasonably have anticipated and been prepared to deal with the situation" (*Pincus v Cohen,* 198 AD2d 405, 406). Indeed, this Court has repeatedly held that a defendant driver's claim that he or she skidded on wet pavement is insufficient to rebut an inference of negligence (*see, Schmidt v Edelman,* 263 AD2d 502; *Hurley v Cavitolo,* 239 AD2d 559; *Benyardo v Avis Rent A Car Sys.,* 162 AD2d 572; *see also, Abramowicz v Roberto,* 220 AD2d 374).

In the instant case, the evidence that the defendant driver encountered an entirely foreseeable condition was much stronger than the evidence presented in *Pincus v Cohen (supra).* The defendant driver himself acknowledged that immediately before the accident, he encountered freezing rain, hail, and snow, on a winter day when the temperature was well below freezing. Both the plaintiff driver and the police testified that it was snowing, and the plaintiff driver further testified that she reduced her speed because there was snow on the road and the roads were slippery. It is well settled that the mere existence of snow and ice on a road does not warrant imposition of the emergency doctrine (*see, Moore v Bame,* 257 AD2d 716). The defendant driver's contention that although he was aware of snow, freezing rain, and hail, he could not have reasonably anticipated ice and slippery road conditions, is factually and legally unsupportable.

The cases cited by the majority involve instances where the

defendants encountered an isolated patch of ice after a rainstorm (*see, Deutsch v Horizon Leasing Corp.,* 145 AD2d 405, 406), or where the defendant driver, after driving for hours, encountered an isolated patch of ice on an unplowed road (*see, Healy v Greco,* 174 AD2d 877, 878). It appears that in those cases, there was no evidence of slippery road conditions, nor could such slippery conditions be reasonably anticipated. In the instant case, on the other hand, it is undisputed that the temperature was well below freezing, and was dropping. It had been snowing, raining, and hailing for over an hour before the accident. In view of the foregoing, the defendant driver should have anticipated slippery road conditions.

Indeed, the trial court, in granting the request for an instruction with respect to the emergency doctrine, relied not on the icy condition, but rather on the fact that the defendant driver, after travelling on level roadways, encountered a "decline" in the roadway. However, a downhill slope cannot be considered an unanticipated condition justifying an instruction with respect to the emergency doctrine (*see, Hardy v Sicuranza,* 133 AD2d 138, 139).

Accordingly, the judgment appealed from should be reversed, and the plaintiffs granted a new trial.