■ Travis J. Bright, an Infant, by His Parent and Guardian, Gary Bright, et al., Appellants, v Nancy E. McGowan et al., Respondents. [880 NYS2d 732]—

McCarthy, J. Appeal from an order of the Supreme Court (Sackett, J.), entered April 7, 2008 in Sullivan County, which granted defendants' cross motion for summary judgment dismissing the complaint.

This negligence action stems from a collision between a vehicle driven by 16-year-old plaintiff Travis J. Bright and a school bus driven by a school bus driver with 16 years of experience, defendant Nancy E. McGowan. The accident occurred at the crest of a hill on a 16-foot-wide rural road with no center line markings. At issue is an order of Supreme Court granting summary judgment to McGowan and her employer, defendant First

---

Student Inc., dismissing the complaint against Bright and his father, derivatively. We affirm.[1]

Although not specifically challenged, we begin by noting that defendants satisfied their initial burden of establishing entitlement to summary judgment as a matter of law with proof that Bright caused the accident by traveling into McGowan's lane of traffic. According to McGowan's examination before trial testimony, as she crested the hill just prior to the accident, she was in her own lane of travel at all times, maintaining a one-foot distance from the right shoulder. She testified that Bright was driving "at a very high rate of speed"[2] in the opposite direction when his car crossed the center of the road and came "head on" at the bus. She applied her brakes and attempted to move to the right to avoid a collision, to no avail. At the time of impact, according to McGowan, she was either totally stopped or going no more than two miles per hour.

In addition to McGowan's testimony, defendants submitted the sworn testimony of two State Police collision reconstructionists who were present at the scene and who opined, based on the roadway evidence and their training, that the accident was caused by Bright's vehicle traveling left of the center of the roadway and into McGowan's lane of travel. It was further established through their testimony that Bright's vehicle rotated following the collision, at which time its undercarriage created gouge marks within his lane of travel.

Defendants also submitted the sworn affidavit of a licensed professional engineer who reviewed the State Police evidence and inspected the accident scene. This expert likewise opined that the collision occurred in McGowan's lane and refuted any notion that the presence of gouge marks in Bright's lane of travel had any significance in pinpointing the point of impact. He, too, opined that the gouge marks were made after the impact as Bright's vehicle rotated toward its final resting place. This proof was sufficient to meet defendants' initial burden as

1. While an appeal from an intermediate nonfinal order must be dismissed upon the entry of a final judgment (see Doherty v Schuyler Hills, Inc., 55 AD3d 1174, 1175 [2008]; Matter of Ace Hardware Corp. v Little, 49 AD3d 1008, 1009 [2008]), the order appealed from here is a final order and, therefore, contrary to defendants' contention, the right of direct appeal does not terminate upon the entry of said judgment. In any event, we deem plaintiffs' appeal from Supreme Court's final order as also being taken from the subsequently-entered final judgment as it does not materially differ from the final order (see CPLR 5520 [c]; Matter of General Motors Corp. [Sheikh], 41 AD3d 993, 994 [2007]).

2. She testified that the speed limit on the road was either 30 or 35 miles per hour and that Bright was going around 50 miles per hour prior to impact.

the proponents of summary judgment (*see e.g. Hazelton v D.A. Lajeunesse Bldg. & Remodeling, Inc.*, 38 AD3d 1071, 1072 [2007]; *Simpson v Simpson*, 222 AD2d 984, 985 [1995]), thus shifting the burden to plaintiffs to come forward with evidentiary proof in admissible form sufficient to raise a question of fact or to provide an acceptable excuse for the failure to do so (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposing summary judgment, plaintiffs submitted an unsworn and improperly notarized letter from an accident reconstructionist in which the expert opined that the gouge marks in the road indicated that the impact occurred in Bright's lane of travel. Inasmuch as this letter is unsworn, with no excuse for the deficiency having been offered (*cf. Maldonado v Townsend Ave. Enters., Ltd. Partnership*, 294 AD2d 207, 208 [2002]; *Wilcox v Winter*, 282 AD2d 862, 863-864 [2001]), it was not in admissible form and of no probative value (*see Carringi v International Paper Co.*, 184 AD2d 137 [1992]; *Clifford v Black Clawson Co.*, 145 AD2d 808, 810 [1988], *lv dismissed* 73 NY2d 995 [1989], *lv denied* 76 NY2d 714 [1990]; *see also 1212 Ocean Ave. Hous. Dev. Corp. v Brunatti*, 50 AD3d 1110, 1112 [2008]; *Ritts v Teslenko*, 276 AD2d 768, 769 [2000]; *Woodard v City of New York*, 262 AD2d 405 [1999]). Furthermore, the letter contains no foundational details or analysis underlying the opinion that the gouge marks represented the point of impact, and further failed to address the contrary findings by defendants' experts, thereby providing an additional and independent basis upon which to reject its efficacy in defeating summary judgment (*see Clough v Szymanski*, 26 AD3d 894 [2006]; *see also Butler v City of Gloversville*, 52 AD3d 896, 898-899 [2008]; *Preston v Peter Luger Enters., Inc.*, 51 AD3d 1322, 1323 [2008]; *McCain v Larosa*, 41 AD3d 792 [2007]; *Roman v Vargas*, 182 AD2d 543, 545 [1992]).

Finally, we are also unpersuaded that the examination before trial testimony of the passenger in Bright's car, even viewing it in a light most favorable to plaintiffs, raised a triable issue of fact (*see Simpson v Simpson*, 222 AD2d at 986). Suffice it to say, the passenger's testimony was self-contradictory and equivocal as to whether he actually saw the accident in the first place and whether McGowan crossed into Bright's lane prior to impact. We are unable to conclude that such testimony constitutes sufficient evidentiary proof to rebut defendants' clear and unequivocal showing, based on both factual evidence and expert proof, that Bright caused this accident by crossing into McGowan's lane of travel (*see Regula v Ford Motor Credit Titling Trust*, 280 AD2d 843, 844 [2001]; *Wood v Converse*, 263 AD2d 860, 861

[1999]; *Simpson v Simpson*, 222 AD2d at 986; *see generally Beverage Mktg. USA, Inc. v South Beach Beverage Co., Inc.*, 58 AD3d 657, 658 [2009]; *Bachurski v Polish & Slavic Fed. Credit Union*, 33 AD3d 739, 740 [2006]; *Urbano v Plaza Materials Corp.*, 262 AD2d 307, 308 [1999]).

In our view, the dissent omits the full panoply of the self-contradictory and equivocal nature of the passenger's testimony during his examination before trial and we are simply unpersuaded that any version of it was sufficiently clear and unequivocal to raise a question of fact. In short, the passenger contradicted himself on three major points—whether he saw the bus prior to the accident, whether he actually saw the accident itself and, if he did see the accident, where the bus was at the time. The passenger initially testified in no uncertain terms that he did not see the bus prior to the accident and twice answered that he was looking at the radio "when the accident happened." He later contradicted himself on both points by testifying that he saw the bus as they crested the hill and that he did see the accident happen.

He then acknowledged in a follow-up question that "the bus was traveling in the westbound lane (i.e., in its own lane of travel)." When asked "where in connection with that westbound lane did [he] see the bus . . . in the middle of the westbound lane, . . . toward the right of the westbound lane, [or] towards the left of the westbound lane," the passenger answered, "it wasn't like—*she wasn't on our side of the road* but she wasn't, you know, as far over as she possibly could [be]" (emphasis added). He then twice contradicted himself on this point by first testifying that he did not know if the bus crossed the center line[3] and later testifying that it did cross the center line by "maybe a foot."[4] He even backed off of this approximation by testifying that he did not know.[5]

In short, even viewing it in a light most favorable to plaintiffs, the passenger's testimony was equivocal and self-contradictory and thus wholly insufficient to raise a question of fact sufficient to defeat summary judgment, particularly in the face of uncon-

---

3. The passenger was asked, "At any moment prior to the accident did you see the bus cross over the center of [the] [r]oad?" to which he answered, "*I don't know*" (emphasis added).

4. When asked (again) if "the bus was within the westbound lane of that portion of the roadway at the time of the accident" the passenger answered, "She wasn't totally in her lane . . . I'd say in our lane, I'm not saying a whole car length in our lane but . . . [a]pproximately maybe a foot."

5. When asked "[i]f the bus was over the middle of the roadway, how much of the bus was over the middle of the roadway" the passenger answered, "I just said approximately a foot, *I don't know*" (emphasis added).

tradicted expert proof as to the location and cause of the accident (*see id.*).

Plaintiffs' remaining contentions have been reviewed and found to be unpersuasive.

Peters, Lahtinen and Kane, JJ., concur.

Cardona, P.J. (dissenting). In my opinion, the EBT testimony of Christopher Franke, who was the passenger in the vehicle driven by plaintiff Travis J. Bright, creates a question of fact as to whether the school bus was partially over the center line at the time of the accident. Therefore, I would reverse Supreme Court's order and deny defendants' cross motion for summary judgment.

Franke initially testified that he did not see the school bus prior to the accident and that he was looking at the radio when the accident happened. However, as his testimony continued, he stated that he only briefly looked at the radio immediately prior to the collision, then looked up in time to note that the bus was encroaching into their lane of travel by about a foot before impact. The majority characterizes this testimony as self-contradictory and equivocal and, concededly, on its face it appears to be inconsistent. However, when Franke's statements are considered in the context of his entire testimony wherein he was able to elaborate more fully upon the circumstances surrounding the collision, his earlier responses are clarified by his later, more thorough description of the accident. The gist of that description is that as Bright's car was approaching the crest of the hill where the accident occurred, Franke was looking at the radio, either changing the station or changing a CD. Then, a few seconds before impact, he looked up and saw the bus coming. He had time to observe that it was about one foot over the center line before the left front corner of Bright's car collided with the left front corner of the bus. Viewed in a light most favorable to plaintiffs, this testimony creates a triable question of fact that defeats summary judgment. Accordingly, defendants' motion should be denied.

Ordered that the order is affirmed, with costs.